The Robert E. Lee S. M. Co., Plaintiff in Error, v. Englebach et. al., Defendants in Error.

1. Agency, Evidence of.

Neither the fact of agency nor the extent of authority can be proved by the declarations of the alleged agent.

2. Agent's Declarations.

When an agent makes a contract or does any act representing his principal, his declarations made at the time explanatory of the act are admissible in evidence on behalf of either party.

3. Order of Evidence Discretionary.

The order in which evidence may be introduced is almost entirely within the discretion of the trial court, and unless a manifest abuse of such discretion is disclosed, appellate courts will not interfere.

4. Practice—Motion for New Trial.

A motion for a new trial filed at a subsequent term without an order extending time, will not be considered, and may be stricken from the files.

5. Discretion.

An application under section 75 of the Code is addressed to the discretion of the court, and a gross abuse of discretion must appear to warrant interference by appellate courts.

*Error to the District Court of Lake County.*

The complaint alleges that The Robert E. Lee Silver Mining Company, plaintiff in error here and defendant below, is indebted to A. L. Englebach et al., defendants in error, in the sum of $573.32 for materials and work furnished between November 1, 1886, and the 10th day of November, 1888. Two bills of particulars were furnished covering the amount claimed. It is claimed that the items included in the first bill were ordered by Wm. C. Boschen, at the time manager and agent of the plaintiff in error, and that one Clint Roudebush was such manager and agent during the time the items covered by the second bill were furnished.

The defendant company answering denied each allegation of the complaint. A second defense was also filed which amounted to no more than a denial and need not be further considered. Upon these issues the cause was tried to the court, the trial resulting in a verdict for the plaintiffs below in the amount claimed. No motion for a new trial was filed at the term of court at which the trial was had; such a motion was filed, however, at a subsequent term. This motion was stricken from the files on motion of plaintiffs. Shortly thereafter, the defendant company filed a motion to set aside the findings and judgment of the court under section 75 of the Code of Civil Procedure. This motion was overruled and judgment entered on the findings.

Mr. A. S. Weston, for plaintiff in error.

Messrs. Blake & Sayre, for defendants in error.

Chief Justice Hayt delivered the opinion of the court.

A number of errors are assigned to the proceedings in the court below. The errors pressed in this court may all be considered under three heads : *First*, is the evidence sufficient to warrant a judgment for plaintiffs ; *second*, did the court err in striking out the defendant's motion for a new trial filed at a term subsequent to the term at which the cause was tried ; and *third*, did the court err in overruling defendant's motion to set aside the judgment and for a new trial of the cause under section 75 of the Code ?

1. The evidence shows beyond controversy that work was performed and materials furnished by the plaintiffs to the amount alleged in the complaint, the dispute being as to whether The Robert E. Lee Silver Mining Company was liable for the value of the same. The evidence leaves no doubt that the persons authorizing the work to be done and the materials to be furnished did so claiming at the time to act for and on behalf of this company. It is contended, however, that neither Mr. Boschen nor Mr. Roudebush was authorized to bind the company for such materials and labor. Neither of these alleged agents was introduced as a witness upon the trial, but plaintiffs were allowed to state upon the witness stand that the bills in suit were ordered by these persons for The Robert E. Lee Company, over the objection of the defendant.

It is well settled that neither the fact of agency nor the extent of authority can be proved by the declarations of the alleged agent. And it is equally as well established that when an agent makes a contract or does any act representing his principal, his declarations made at the time explanatory of the act are admissible in evidence on behalf of either party. Story on Agency (7th ed.), sec. 136 ; Wharton's Ev. (3d. ed.) sec. 1173.

It is true that as a general rule such declarations ought not to be received until proof has been made of the agency. But the order in which evidence may be introduced is almost entirely within the discretion of the trial court, and unless the record disclosed a manifest abuse of such discretion, appellate courts will not interfere. This is the rule where cases are tried to a jury, and the reason for the rule is much stronger when, as in this case, a jury is waived and both issues of law and fact are submitted to the court. The evidence of the declarations explanatory of the acts of Boschen and Boudebush was followed by competent evidence tending to establish their authority in the premises.

The testimony of E. A. Guilbault, the secretary of the Lee Company during the times the items covered by both bills were furnished, is to the effect that Boschen had charge of the affairs at the mine and handled things in his own way until he was superseded by Roudebush. It seems that at this time one Fretz worked the property under a lease, paying as rental therefor a certain percentage of the proceeds, and that Boschen handled the affairs for the Lee Company and for the lessee as well; " that he attended to everything at the mine for the lessee and the company." The witness further testified that Boschen acted in such capacity for three years, beginning with the year 1884, and that he did everything except to keep the royalty belonging to the Lee Company; this at the end of each month he paid over to the witness, who gave him proper credit for the same upon the books of the company. It was the practice of Boschen to make statements periodically, showing articles bought and repairs put upon the machinery. These were usually taken out of the royalties and the balance turned over to this witness for the company. He also testified that Roudebush acted in a similar capacity for the company during the time the second bill was charged, and adds on cross-examination : " Every month there was machinery and repairs charged to the company. The officers of the company were here part of the time, and the president knew of the deduction from

the royalties because I reported it to him. Roudebush resigned January 25, 1888."

It is also in evidence that plaintiff did other like work upon the machinery at the mine between the dates of these two bills, and that said work was paid for by the company. We think this evidence is sufficient to sustain the claim that both Roudebush and Boschen were its managers and agents, and authorized to contract for and on behalf of the company for the items charged for in the bills of particulars rendered. Aside from this, other evidence was introduced to establish the liability of the company, independently of this question of agency. If the company had leased the property with a contract that the lessee should pay for such repairs during a part or all of the time at which these repairs were being made, plaintiffs had no notice of any such arrangement. If it desired to avoid liability it should have given notice in some appropriate way of the alleged change in the condition of affairs at the mine. Parties cannot be allowed to make secret arrangements of which the men working for them have no notice and thereby hope to escape responsibility for debts contracted. We think the evidence is amply sufficient to warrant the findings of the court below. This disposes of the assignments of error which question the competency of the evidence of the declarations of Roudebush and Boschen.

2. Did the court err in striking from the files the motion for a new trial filed at a subsequent term? The question raised by this assignment of error has been already determined by this court, although such determination was subsequent to the proceedings below. The identical question having been directly passed upon in the case of *Clark v. Perry et al.*, 17 Colo. 56. It was there held that a motion for a new trial filed at a term subsequent to the term at which the trial was had, no extension of time for filing the same having been obtained at the prior term, could not be considered, and in case such a motion should be filed, it might be stricken from the files.

3. The court did not err in denying defendant's application

for relief made under section 75 of the Code of Civil Procedure. The provision relied upon authorizes the granting of relief after the adjournment of the term from any judgment, order or other proceeding taken by mistake, inadvertence, surprise or excusable neglect. The showing made is insufficient to warrant relief, and for this reason the motion was properly overruled. The motion is based entirely upon the claim of newly discovered evidence by which the defendant " expects to be able to prove that Wm. C. Boschen never was the manager of the. defendant company and never was its agent, and that his pretended managership and agency, if any, was without authority, and that there was never any ratification of his acts by the defendant." Of this affidavit it may be said that the newly discovered evidence is limited to the question of the capacity in which Boschen acted at the mine, and the question of the ratification of his acts. This evidence can have bearing solely to the items covered by the first bill of particulars. It does not tend to disprove the correctness of the judgment for the items covered by the second bill of particulars. We must, therefore, as against this motion, accept the evidence in support of the latter as sufficient, and the judgment establishing this as a valid claim against the company as correct. The liability of the company for the items included in the first bill of particulars is sufficiently established by the evidence, irrespective of any question as to the authority of Boschen. For, aside from the question of his authority, the proofs show that the repairs charged for were in the nature of betterments upon the defendant's property; that plaintiffs were authorized to make similar repairs at the expense of the company both before and after the employment of Boschen, and that the items in question were furnished without notice that any change had been made or was contemplated. No notice of a withdrawal of plaintiffs' authority to make such repairs having been given by the company, the latter cannot escape liability by showing lack of authority in Boschen to order the customary repairs.

The granting or denying of the application under section

75 is expressly made discretionary in the court or judge to whom the same is addressed, and although the exercise of such discretion is subject to review, to warrant interference by appellate courts a gross abuse of discretion must appear. This record certainly does not disclose such abuse of the discretionary power of the district court and the judgment must be affirmed.

We have preferred to consider this application upon its merits, believing such a course would be more satisfactory to the parties concerned. As to the right of a party appearing and defending at the trial to claim the benefit of the provisions of the section of the Code relied upon in this case, we express no opinion. See Freeman on Judgments, sec. 105.

The judgment is

*Affirmed.*