Gunter, J.
This action was upon the following instrument:
“Know all men by these presents: That we, John A. Smith and B. L. Smith, * * * being the owners of the west fifteen (15) feet of lot numbered 10A, of the townsite of Basalt, Colorado, and wishing to secure to Mrs. Anna M. Gaboury, the free access to her property fronting on Railroad street, we, the above named persons, grant such free access over our property. We, as owners of the above named fiften feet, agree to keep said property free from buildings; provided that it is not bargained and sold to the townsite of Basalt for a public thoroughfare nor bargained and sold to other than.the town of Basalt, in which case the said Mrs. Anna M. Gaboury *20 is to have the first option on the purchase of the same, to be kept by her free from buildings. Also we agree to move a certain log building located on said fifteen feet owned, as above stated, by us, at any time after the lease, now binding, has expired, whenever the said Mrs. Anna M. Gaboury wishes to remove buildings now on her property and erect in their stead a new brick building or other substantial and permanent business block, and provided that thirty days’ notice has been given us.
(Signed) “B. L. Smith.
“J. A. Smith.”
The plaintiff, Mrs. Gaboury, complained therein that the terms of this instrument had been violated in the above 15 feet having been enclosed, and in the failure to remove the log building therefrom. She asked an injunction restraining defendants from enclosing the lot, and for damages; and in the event injunctive relief could not be granted, for permanent damages sustained by plaintiff through the violation of the term^of the instrument.
Plaintiff alleged that the above writing was made in pursuance of an agreement of the parties entered into several weeks before its execution, and that the terms of such agreement constituted its consideration. This the defendants denied, averring that the instrument was without consideration, and denying any violation of the terms thereof. These were issues of fact and were tried to the court.
In behalf of the contentions of plaintiff, the plaintiff, her husband and Mrs. Dwyer testified.
In behalf of the contentions of defendants, defendants B. L. Smith, J. A. Smith and Fred Stiffler testified.
The court found the issues for defendants, the following appearing in the judgment:
This cause coming on to be heard before the *21 court * *1 *. upon the issues therein joined, as to whether the plaintiff was or is entitled to the use and occupancy and permanent right of way over and across the west fifteen feet of lot No. 10A, of the townsite of Basalt, Colorado, being the ground which adjoins and lies west of the ground purchased by the plaintiff from the defendants, John A. and B. L. Smith, by deed dated December 12, 1895, and upon the issues therein joined as to the right of the plaintiff as against the defendants to the use and occupancy thereof and the permanent right of way there-over, and as to damages sustained on account of removal by plaintiff of part of the log cabin referred to in the complaint, and the court having heard the evidence produced and the arguments of counsel, and being fully advised in the premises, doth find such issues in favor of the defendants; it is therefore ordered, * * * that the complaint be dismissed,
The court under the pleadings, evidence, findings and judgment may have found either that the contract sued on was without consideration, or that the defendants, B. L. and J. A. Smith, had not violated the terms thereof, or it might have found on both issues for defendants. Such finding sustains the judgment below as there can be no legal or equitable relief on a contract void for want of consideration, or one the terms of which have not been broken. As under the pleadings, evidence and judgment such could have been the finding of the court; as such finding would sustain the judgment, the presumption is that it was made. By the finding we are concluded. The judgment of the lower court denying any relief upon the alleged contract should be affirmed.

Affirmed.