Cunningham, P. J.
Defendant in error, O. M. Ring, brought his action in the County Court of Lincoln County, and obtained a 'judgment in that court, by default, against the plaintiff in error, Hollingsworth. The summons was served, or attempted to be served, on July 26, 1911. (We shall presently refer to the matter of service.)
On August 29 following, a default order and judgment were rendered against Hollingsworth. On September 20, Hollingsworth appeared generally in the County Court and filed a motion to vacate the judgment which was rendered on August 29, supporting his motion by affidavit, and at the same time filed his answer to’ the complaint. The County Court denied defendant’s motion to vac'ate the judgment, whereupon he‘appealed to the District Court of Lincoln County. In the District Court plaintiff, Ring, filed a motion asking that the appeal be dismissed, for judgment affirming the judgment of the County Court, and for judgment against appellant’s sureties (presumably referring tO' the sureties upon the appeal bond from the County to the District Court) — a rather comprehensive and unusual request. The District Court sustained “that part of said motion dismissing said appeal, and affirming alleged judgment of the County Court,” whereupon the defendant, Hollingsworth, sued out a writ of error in the Supreme Court, and the case is here by transfer for review.
The abstract in this case is somewhat informal, and in no manner conforms with Rule 5 of this Court, which is the same as Rule 14 of the Supreme Court, requiring plaintiffs in error to file abstracts, “in which they shall set forth the title of the cause, with the date of the filing of all papers in the court below, and a. brief statement of the contents of each pleading, and shall set forth fully the points relied upon for the reversal of the judgment or decree.”
It is further provided by said rule that:
*123 “If the abstract filed shall not present, the parts of the record to which reference is made in the assignment of errors, the appeal or writ of error may be dismissed.”
We have not, in this case, exercised our privilege to decline to review this case because of the informality of the abstract, but, on the contrary, have examined the entire original record with much c'are.
1. If the judgment of the County Court was properly rendered, or if, because of the subsequent actions of the defendant, Ring, he is now estopped from questioning that judgment, then the District Court properly dismissed the appeal, and its judgment in that behalf must be sustained. The contentions of plaintiff in error made in this court are predicated upon the service of the summons issued by the County Court, which servic'e he contends was absolutely void, and upon the failure of the County Court to sign its judgment'in that case. The defect in the service of the summons, if any there was, was cured by the general appearance of the defendant in the County Court. In filing his motion to vacate the judgment, and. his affidavit supporting the same, and his answer,, he in no manner limited his appearance in the County Court, nor 'did he later, in the District Court, make a special appearance, nor did he make any attempt in the District Court to challenge the jurisdiction of that court.
The return of the sheriff on the summons reads as follows, after the caption:
“I do hereby certify that I have duly served the within summons, in the within stated action, on this 26th day of July, A. D. 1911, by delivering to and leaving with Mrs. J. G. Hollingsworth [the defendant’s name appearing in the summons was J. G. Hollingsworth] (in Lincoln County) at the usual place of his abode, with his wife, a member of his family who is over fifteen years of age, the said defendant personally in the County of Lincoln, a copy of said summons.
W: G. Lewis, Sheriff,
By Robert Papke, Deputy.”
*124 The above sentence does- not conform to- the most approved rules of good English, and may be, though we do not so decide, fatally defective, had timely objections been made thereto. But in addition to appearing generally, as above stated, Hollingsworth, in his motion to vacate the judgment, which he verified, states, among other things, that:
“At the time of the commencement of the above entitled action, and at the time of said pretended service of summons, this defendant was absent from the state of Colorado, and in the state of South Dakota, and did not return to the state of Colorado until about the 28th day of-August, 1911, when for the first time defendant learned of said suit, and saw the summons- in this case, which the sheriff had seized upon and left with the1 defendant’s zvife dkiring the defendant’s absence from Colorado.”
In his brief defendant manifests some' doubt as to the identity of Mrs. J. G. Hollingsworth, for he says therein, “Who is Mrs. ,J. G. Hollingsworth? - There is nothing to show that she is the wife of the defendant. ‘His abode.’ I ask, whose abode? ‘With his wife.’ Whose wife. ‘A member of his family.’ Whose family?” From what we have quoted above from defendant’s motion to vacate the judgment all doubt as to the identity of Mrs. J. G. Hollingsworth would seem to be set at rest. It is clear from the quotation from defendant’s verified motion, above referred to, that he admits the service of the summons upon his wife.
2. The sec'ond contention of defendant, viz: that the judgment of the County Court is void because not signed by the judge of that court, is without merit.
“Courts at nisi prius usually render their judgments orally. The entry of such judgments in writing is made by the clerk. Look through the codes of procedure, criminal and civil, and note how rarely the court is specifically required to render its judgments in writing.’’Martin v. Simpkins, 20 Colo. 438, 447, 38 Pac. 1092.
*125 “There is no requirement of our'Code that a judgment or decree shall be signed by the judge.” — Eberville v. Lead-ville Co., 28 Colo. 241, 245, 64 Pac. 200, 202.
3. From the chronological data already given, it appears that the defendant made no move to vacate the judgment which was rendered against him by default in the County Court on August 29, until September 20. Section 1536 R. S. 1908, (same section M. & DeS.) provides that no appeal shall be taken from the County to the District Court from a judgment by default, or of non-suit, unless within ten days after the rendition of such judgment, application shall have been made to the court, by the party aggrieved, to set aside the same, and such application shall have been refused. If ii be granted that in spite of this section of our statute, and in virtue of other statutory or code provisions, the court,
“May on motion, in furtherance of justice, relieve a party or his legal representatives from a judgment, order or other proceeding’ taken against him through mistake, inadvertence, surprise or excusable neglect,”
as plaintiff in error insists it may do. Still, under the showing made here, plaintiff in error is not entitled to relief, since, upon his own sworn admissions, he returned from the state of South Dakota on August 28th, the day. prior to the rendition of the judgment, and that he zvas then shown the summons in this case, which evidently he ignored. We do not know when the defendant first learned of the rendition of the judgment, except he says in his motion to vacate same, that,
“Upon learning of the suit and alleged judgment after the same is alleged to have been rendered, this defendant was perfectly surprised,”
And in his affidavit in support of his motion to vacate, he says:
“This defendant had no- knowledge or information that the alleged judgment had been rendered in this suit until *126 after said alleged judgment had been rendered in this, case in favor of plaintiff and against defendant.”
Construing the plaintiff in error’s pleading most strongly against him, we must assume that he not only saw the summons the day before the judgment was entered, but that he knew of the judgment immediately upon its rendition. Therefore, his conduct in waiting- twenty-one days before making any attempt to have the same set aside does not bring him within the rule which applies, or may under certain circumstances apply, to those against whom a judgment has been rendered, “through mistake, inadvertence, surprise or excusable neglect.”
“The granting or denying a motion to. vacate a judgment taken by default where service was had by publication is discretionary with the court, under Mills’ Annotated Code, sec. 75. Such discretion is subject to review only when a gross abuse of discretion appears.” — Donald v. Brandt & Shipman, 15 Colo. App. 414, 62 Pac. 580.
“Motions for relief from judgments under the provisions of Mills’ Annotated Code, section 75, being addressed to the sound discretion of the trial court, unless it is clear' that its discretion has been abused, appellate courts will not disturb its decision.” — Morrell Hdw. Co. v. Princess M. Co., 16 Colo. App. 541, 63 Pac. 807.
Under the authorities cited, and upon the facts disclosed by this record, which we have already pointed out, it can hardly be said that the County Court abused its discretion in denying- the motion of Hollingsworth to vac'ate the judgment rendered against him in the County Court.
The District Court did not err in dismissing Plollingsworth’s appeal; indeed, it could not properly have taken any other action. Having dismissed the appeal, the phrase appearing in the decree or judgment of the District Court to the effect that that court “affirmed the alleged judgment of the County Court” would seem to be surplusage.

Judgment Affirmed.