No. 9354.

HILLE, ET AL. v. EVANS.

1. JUDGMENT—*Record—Effect.* The record of a judgment by default reciting the production of evidence sufficient to sustain the complaint is conclusive upon this question.

The recitations of the record were held further supported by an order allowing fees to the attorneys of the plaintiffs, pursuant to a provision of the notes which were the ground of the action.

2. FRAUD—*Evidence.* Judgment by default upon certain promissory notes of a corporation. Petition to vacate the judgment, for fraud in procuring the notes. The evidence examined and held to dispel the accusation of fraud.

3. PRACTICE IN ERROR—*Discretion.* The court will not interfere with discretionary action, except in a clear case of abuse.

4. CORPORATIONS—*Transactions With Directors.* The lending of money to a solvent corporation by the directors thereof is not illegal.

5. JUDGMENT—*Petition to Vacate,* not filed till three months after its entry, and thirty days after execution issued, *held* too late.

6. *Evidence.* Promise of a creditor not to press his claim, made without consideration, is no ground to vacate a judgment by default based upon such claim.

The promise of a stockholder in a corporation not to press a claim against the corporation, "to the detriment of other stockholders", depends upon so many uncertainties that a litigant relies thereon at his peril.

7. *Admission of Validity of Part of the Indebtedness—Effect.* Where the petition to vacate a judgment by default admits the validity of a portion of the indebtedness upon which such judgment is founded, the petitioners should offer payment, or permit judgment for what is so admitted.

8. *Motives of Creditor.* Where neither the right of recovery nor the propriety of the procedure is disputed, the courts will not concern themselves with the creditors' motives.

9. EVIDENCE—*Offer of Proof—Presumptions.* It is presumed that one making an offer of proof sets forth the evidence proposed to be produced, in substance, and not in detail.

An offer to prove that a judgment by default was entered without verification of the complaint, evidence of the verity of the promissory notes upon which it was based, the assignment of certain of them which had been assigned to·plaintiff—all the papers referred to being present in court and the authenticity thereof not denied, was held wholly insufficient.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

*En Banc.*

Messrs. QUAINTANCE, KING & QUAINTANCE, for plaintiffs in error.

Mr. EDWIN H. PARK, Mr. THOMAS H. GIBSON, and Mr. RICHARD PEETE, for defendant in error.

Mr. Justice Burke delivered the opinion of the court.

ON September 12, 1917, John E. Evans, defendant in error, brought suit against The Copper King Mines Products Company on fifteen promissory notes, two of which were made payable to him, six to William Kelly, two to Jasper N. Wyman, three to Andrew B. Crichton and two to E. E. Lloyd, all executed and delivered by plaintiff in error, The Copper King Mines Products Company, and of all of which said Evans alleged he was the owner and holder. Evans and the company are hereinafter designated as in the court below.   Summons was regularly issued and served and October 5, 1917, default was taken against defendant and judgment ordered and entered.   January 5, 1918, A. W. Hille, A. L. Briggs, R. S. Williams, W. W. Bingham and John R. Wood (hereinafter referred to as "Petitioners") moved to set aside said default and judgment, recall executions theretofore issued and permit the petitioners (stockholders in defendant company) to defend.   January 19, 1918, plaintiff answered the petition to set aside the judgment.   January 28, 1918, all the parties appeared before the court and petitioners made certain offers of proof, which were rejected.   January 29, 1918, an amended petition was filed, and an answer to the original complaint, as a supplemental petition, and supporting affidavit, and a verified

petition in intervention were tendered. January 31, 1918, the original petition to vacate, as well as the supplemental petition, and petition in intervention, were dismissed "with prejudice to relitigate the matters alleged in the same, otherwise than in a proper suit in equity." The judgment thereby became final and from the order of the court so made petitioners prosecute this writ.

Burke, J. after stating the facts as above.

Petitioners in their reply brief say, "But we do wish to confine the argument in this court to the one question involved, that is, whether or not the lower court should have set aside the judgment and allowed us to go to trial on the merits." The argument should have been so confined, as that is the sole question for our determination.

The right of petitioners to have the judgment in question set aside depends upon their having properly pleaded one or more of the three grounds upon which they base that right. First, that the judgment is void because illegally entered: Second, fraud in the execution and delivery of the notes, or in contracting the indebtedness: Third, the court's abuse of discretion in denying the petition.

First. It is alleged that the judgment was erroneously entered by the clerk on default on an unverified complaint. Sec. 168, Code of Civil Procedure. *Glidden v. Packard*, 28 Cal. 649. Freeman on Judgments, Sec. 533. That it is therefore void and should be set aside, irrespective of a sufficient defense being set up in the answer. The record in this case however not only fails to show that this judgment was entered without evidence, and by the clerk on default, but expressly establishes the contrary. The order of October 5, 1917, for entry of judgment, recites that sufficient evidence being produced in support of the complaint herein *it is ordered by the court,"* etc. This record is conclusive. *Co. Court v. The People*, 55 Colo. 258-261, 133 Pac. 752; *Gaboury v. Smith, et al.*, 18 Colo. App. 19, 69 Pac. 275; *Carr v. Willoughby & Co.*, 36 Colo. 358, 85 Pac. 428. It is further supported however by the fact that while ten of the notes called for ten, and one for fifteen, per

cent attorney's fees, and four made no provision, a flat fee of $1,000 was allowed instead by the court and included in the judgment. That the notes themselves were put in evidence is sufficiently established by petitioners' offer to prove "that plaintiff's attorney appeared and handed certain notes, purporting to be the notes sued on, to the clerk." It is nowhere denied that these were the notes sued on nor is there any denial as to the genuineness of the signatures, hence it appears that the entry of default and judgment were in all respects regular and legal.

Second. Petitioners next contend that they have pleaded fraud in the execution and delivery of these notes; that the judgment is thereby shown to be based upon a fraudulent transaction, and should be set aside. Conceding, but not deciding, the correctness of this conclusion we find no sufficient plea of fraud to support it. It is not disputed that the notes in question were given for money advanced the company. There is no claim that these funds were not received by the corporation, or that they have been repaid, but it is contended that there was an attempt on the part of the plaintiff and other officers and stockholders of the corporation to wreck it; that its mismanagement by them was for that purpose and brought about the conditions necessitating the advances represented by these notes; that the notes were given as mere memorandums of the corporation's contract to repay the indebtedness when the funds necessary therefor had been realized by the wise and economical management of the company's affairs promised by plaintiff and his associates; and that in violation of this contract, and in fraud of the corporation and its stockholders, these so-called memorandums of indebtedness were sued upon as promissory notes; and that "none of your petitioners have consented to or acquiesced in the acts here-is complained of." But the alleged mismanagement must have occurred after April 2, 1917, on which date five of these notes were executed and delivered. Four others were executed and delivered at dates prior thereto, leaving but six so executed and delivered after April 2, 1917, on

which last mentioned date it is alleged plaintiff and his associates assumed control of the corporation and began its mismanagement. All of these notes are signed by one or more of the individual petitioners as officers of the corporation. Having participated in the transaction they can not impeach their integrity. *Boldenweck v. Bullis, et al.,* 40 Colo. 253, 90 Pac. 634. The admitted circumstances of the execution and delivery of these notes are wholly inconsistent with the allegation that they were memorandums of indebtedness, and that allegation is entirely nullified by the fact that nine of these notes expressly provided "If not paid at maturity and collected by an attorney or by legal proceedings an additional sum of ten per cent on the amount of this note as attorney's fees." The court was clearly correct in refusing to set aside this judgment on the ground of fraud in the original transaction.

Third. The petition to vacate the judgment was addressed to the sound discretion of the court. *Hollingsworth v. Ring,* 26 Colo. App. 121-126, 141 Pac. 139; *Bunnell v. Holmes,* 64 Colo. 345, 171 Pac. 365-366. This court will not interfere with the exercise of that discretion except in a clear case of abuse. *Bannerot v. McClure,* 39 Colo. 472-479, 90 Pac. 70, 12 L. R. A. (N. S.) 126; *R. E. L. S. M. Co. v. Englebach,* 18 Colo. 106-112, 31 Pac. 771. We are unable to indulge the presumption of any such abuse of discretion from anything to be gathered from these pleadings. Of the numerous reasons urged why we should do so we will notice only the more important.

It is urged against the notes in suit that they represent money borrowed by the corporation from its directors. Where, as appears here, the corporation was solvent at the time of the transactions, such contracts are not illegal. *Burns v. National Co.,* 23 Colo. App. 545, 130 Pac. 1037; *St. Joe, etc., Co. v. Bank,* 10 Colo. App. 339, 50 Pac. 1055; *Twin-Lick Oil Co. v. Marbury,* 91 U. S. 587, 23 L. Ed. 328.

Petitioners allege that they have been unable to ascertain the true state of the affairs of the company since April 2, 1917. Since it appears that for almost four months

after that date the petitioner Wood continued as Secretary-Treasurer of the corporation, presumably in possession of its books and accounts (and this he does not deny) such allegation is entitled to small consideration.

Petitioners maintain that they have exercised due diligence in their proceeding to set aside this judgment. The petition to vacate was not filed until three months after the entry, nor until thirty days after the issuance of execution. A less delay has been held sufficient to justify a denial of relief. *Hollingsworth v. Ring, supra.*

Petitioners plead that they were in court "with witnesses to show to the court all facts concerning the judgment and the defenses to the notes" and that the court's refusal to permit them to introduce this evidence was error. It is not presumed that counsel, in an offer of proof, sets the same forth in detail, but it is presumed that, in making the offer, he sets it forth in substance. *Hughes v. Leonard,* 66 Colo. 500, 181 Pac. 200. In the instant case such an offer was made in open court. That offer was merely to prove "that said judgment was entered without any oath or verification being made to the complaint (the complaint was before the court and spoke for itself), or to the signatures on the notes sued on (the signatures were not denied), or as to the alleged assignment thereof (the notes were in evidence and show the assignment), and that the only proceeding had was that plaintiff's attorney appeared and handed certain notes purporting to be the notes sued on (that they were such is not denied) to the clerk." It is unnecessary to further point out that this offer was wholly insufficient.

Two reasons are set forth in these pleadings as a justification for petitioners' failure to defend this action. First, the alleged promise of plaintiff and his associates to refrain from further pressing their claims until funds could be raised from the sale of stock for the payment thereof. Second, the assurance of the payees of said notes that they "did not intend to sell the property of the company *and* freeze out the other stockholders", and that "they would

not press their claims *to the detriment of the other stock-holders."*

The alleged agreement to refrain from pressing the claims presupposes their validity, and the promise of forbearance was without consideration. *Peachy v. Witter, et al.,* 131 Cal. 316, 63 Pac. 468. Whether obtaining a judgment and selling the property of the company to satisfy it would be "to the detriment of the other stockholders", or the result of the sale would be to "freeze out the other stockholders", was a mere matter of opinion and depended upon so many considerations that such a promise can neither be construed into a promise not to press the suit, nor a promise not to satisfy the judgment. Litigants rely upon such declarations at their peril. *Snipes v. Jones et al.,* 59 Ind. 251.

It is alleged that when Wood, as Secretary-Treasurer of the corporation, reported that he had been served with summons, plaintiff and his associates represented that they would not press the suit, and that it was not defended because petitioners relied upon such representations. Also that the stockholders directed the employment of counsel to defend the action. These are entirely inconsistent allegations.

Petitioners further plead "that the company has and had a valid defense to about $15,000 (out of a total of almost $30,000) if not all, of the notes upon which the judgment herein is based." This is a tacit admission at least of the validity of the remainder of the indebtedness represented by the judgment. As to that remainder petitioners should have offered to make payment, or permit judgment to be taken against them, before they were entitled to the relief sought. This they did not do. *Mosher et al. v. Sinnott,* 20 Colo. App. 454, 79 Pac. 742.

It is contended that the purpose of the present suit was to enable the plaintiff and his associates to freeze out other stockholders and secure control of the company. Where the legal right of recovery and the proper method of procedure are undisputed the courts will not concern them-

selves with the question of the creditor's motive.  *Jenkins v. Fowler,* 24 Pa. 308.

A careful review of this entire record disclosing neither a sufficient plea of a void judgment, nor fraud in the execution and delivery of the notes in suit, nor any abuse of discretion on the part of the trial court in refusing to set the judgment aside, it is hereby affirmed.

Decided Jan. 5, A. D. 1920.   Rehearing denied July 2, A. D. 1920.