No. 10,198.

PHILBRICK v. THE CONEJOS COUNTY STATE BANK.

Decided January 9, 1922.

Action to set aside judgment. Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1. JUDGMENT—*Motion to Set Aside.* A judgment confessed under warrant of attorney will be set aside if a meritorious defense is shown and the application is made in apt time.

2.      *Motion to Vacate—Apt Time.*   Defendant delayed for eighty-
        six days after having full knowledge of a judgment against him,
        to file a motion to set it aside.  Held, under the circumstances
        of this case, that the motion was not made in apt time.

*Error to the District Court of Rio Grande County, Hon.
Jesse C. Wiley, Judge.*

Mr. J. A. DONOHOE, Mr. M. G. SAUNDERS, Mr. E. F.
CHAMBERS, for plaintiff in error.

Mr. JOHN T. ADAMS, for defendant in error.

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error sues out this writ to review the action
of the trial court in denying his motion to set aside a judg-
ment obtained against him by defendant in error, the basis
of which was a judgment note, and asks the issuance of a
supersedeas.  The parties are hereinafter designated as in
the original complaint.

The judgment from which defendant seeks relief was
entered March 3, 1921; his appearance in the cause was by
counsel under general power contained in the note; his mo-
tion to vacate was filed June 3, 1921, supported by an
affidavit of merits alleging fraud; he makes no attempt to
show diligence and does not disclose when he first learned
of the judgment.  One Whitman, vice president of plaintiff
bank, and acting for it, files his affidavit that the defense
is bad.  He further alleges that suit was begun on this
judgment March 5, 1921, in the U. S. District Court in
Nebraska; that defendant was served therein March 7,
1921; and that such further proceedings were had therein
that on June 3, 1921, defendant's property, seized under
attachment in that action, was ordered sold by the court.
None of these things, save the invalidity of the defense of
fraud, are disputed.  It is therefore immaterial that some
of these allegations are supported by certified copies of files
and orders in the Nebraska suit, which were not filed
herein until after the submission of the motion to vacate.

That defendant was entitled to have this judgment set

aside for a good defense on the merits, if his affidavit showed, *prima facie,* such a defense, and if his application was made in apt time, notwithstanding the counter affidavit that the defense was bad, is well settled in *Richards v. First Nat. Bank,* 59 Colo. 403, 405, 148 Pac. 912. That defendant's affidavit shows, *prima facie,* a good defense (a doubtful proposition) we assume for the purposes of this cause. Whether this application was in apt time was first to be determined by the court. Whitman's affidavit, which could not be considered on the question of merits, could be considered on the question of apt time. Its allegations are undisputed.

It thus develops that there was a 90 days' delay between the date of the entry of the judgment in Colorado and defendant's motion to vacate, and that, for at least 86 days of that time, he had full knowledge thereof. Not until the day of the entry of the Federal court's order for the sale of all the attached property in Nebraska did he file his motion to vacate the Colorado judgment. In other words, defendant, when apprised of this judgment, elected first to attempt to defeat plaintiff's recovery thereon in the U. S. District Court, and not until a complete failure there did he decide to attack the judgment itself.

"Laches is a term of flexible import; and whether it exists in a given case or not, depends upon facts and circumstances peculiar to that case. It means something more than mere delay. Some other element must combine with the delay to constitute laches, and hence, in some cases, a party has been concluded by a delay of months or even weeks, while in others his rights have been held unaffected by a delay of years. The question ordinarily is whether during the period of delay, such changes have taken place in the position of parties, relative to the subject-matter of the litigation, as to render it inequitable to permit the enforcement of rights, concerning which otherwise there might be no difficulty." *DuBois v. Clark,* 12 Colo. App. 220, 231, 55 Pac. 750, 753.

Where a party knew of a judgment immediately upon its

rendition,—"his conduct in waiting twenty-one days before making any attempt to have the same set aside does not bring him within the rule which applies, or may under certain circumstances apply, to those against whom a judgment has been rendered, 'through mistake, inadvertence, surprise or excusable neglect.' " *Hollingsworth v. Ring,* 26 Colo. App. 121, 126, 141 Pac. 139, 141.

Where the petition to vacate was not filed until three months after the entry of judgment and thirty-one days after issuance of execution relief was denied. *Hille v. Evans,* 68 Colo. 98, 103, 187 Pac. 315. Whether this motion to vacate was in apt time depends, therefore, upon the facts and circumstances peculiar to this case. Time is an element, but not a controlling one. Material changes in the position of the parties relative to the matter in controversy are of much greater moment. During the delay plaintiff has been put to considerable inconvenience and expended no inconsiderable sum in enforcing its rights under the judgment, all with full knowledge on the part of defendant, and all to no purpose if the judgment be now vacated. We must, therefore, hold that the delay, under the circumstances, bars the relief sought. Defendant is not in apt time. The supersedeas is accordingly denied and the judgment affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN, sitting for MR. JUSTICE BAILEY, concur.