In the Matter of the Application of WAREHOUSEMEN'S ASSOCIATION OF THE PORT OF NEW YORK, INC., Appellant, against MICHAEL COSGROVE, as Commissioner of Docks of the City of New York, Respondent.

*New York city — wharves and piers — warehouses — mandamus — maintenance of storehouse on pier forbidden — duty of commissioner of docks to enforce terms of lease of docks — court may withhold mandamus in its discretion.*

1. Section 846 of the charter of the city of New York prohibits the maintenance on any pier of a storehouse. The use of piers for warehousing is, therefore, an illegal use and it is the duty of the commissioner of docks to enforce the terms of a lease of docks under which the lessee agrees to abide by the laws of the State.

2. The court upon application for an order of mandamus, however, has some discretion and may withhold the remedy where the enforcement of a strict legal right would work unnecessary hardship.

*Matter of Warehousemen's Assn.* v. *Cosgrove,* 215 App. Div. 660, reversed.

(Argued November 24, 1925; decided December 8, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 9, 1925, which affirmed an order of Special Term denying a motion for a peremptory order of mandamus.

*Charles J. Nehrbas* and *Charles D. Olendorf* for appellant.

*George P. Nicholson,* Corporation Counsel (*John F. O'Brien* and *Josiah A. Stover* of counsel), for respondent.

*Per Curiam.* It is admitted that Pan-American Wharfage Co., Inc., and Pan-American Terminal and Dock Company are maintaining warehouses on the double deck piers on Staten Island which they lease from the city. The decision below is that as matter of law they have the right to maintain such warehouses. The lessee agrees to abide by the laws of the State of New York respecting the use of the piers. The Greater New York charter, section 846, prohibits the maintenance on any pier of a storehouse. The use of the piers for warehousing is, therefore, an illegal use. It is the duty of the com-

missioner of docks to enforce the terms of the permit. Physically, the use does not encumber the pier or interfere with its free use. The duty of the commissioner of docks is to notify the lessees to cease the illegal use. The respondent's brief contends that it is not his clear legal duty forthwith to stop the illegal use. But the decision below is to the effect that the use is legal. Doubtless the court has some discretion in the matter. The remedy of mandamus may be withheld where the enforcement of a strict legal right would work unnecessary hardship.

Order should be reversed and the proceeding remitted for consideration on the merits, with costs to appellant.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order reversed, etc.