## No. 12,087.

### CITY OF VICTOR, ET AL. *v.* HALSTEAD.

Decided October 8, 1928.   Rehearing denied October 29, 1928.

Messrs. PERSHING, NYE, TALLMADGE & BOSWORTH, Mr. JOHN PERSHING, Mr. ERNEST B. UPTON, for plaintiffs in error.

Mr. HENRY McALLISTER, Mr. STEPHEN R. CURTIS, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

DAVID Halstead, the defendant in error, obtained a peremptory writ of mandamus against the City of Victor, its mayor and the members of the city council, ordering the

levy of a tax to pay certain overdue coupons cut from bonds of the city. The city seeks a reversal of the judgment.

The amended answer discloses the following situation: The city is heavily in debt. The assessed valuation of its property is (1927) greatly reduced in value, being only $325,000, while its bonded debt is $523,000, which it is unable to pay. Because of this, some of its creditors have accepted new bonds to the amount of $55,800 in satisfaction of judgments for $168,552.89, upon the condition, however, that the city should levy and collect an annual tax of 40 mills to pay the new bonds, and should levy not more than ten mills annually for running expenses. This agreement permitted any bond holders to exchange their old bonds for new at the ratio of ten for one upon the same conditions. $83,000 in bonds have been so exchanged for $8,300 in new bonds. The contract provides that if the city fails to levy and collect the 40 mills tax the compromise should become null and void and the judgments be in full force and effect. The necessary levies, in addition to the said 40 mill and 10 mill levies, will be 33 mills, a total of 83 mills. It also alleges that a total levy of 83 mills is as great a burden as the property within the City of Victor liable for the payment can assume; that a levy in excess thereof will result in forcing property owners in the City of Victor who are now paying taxes to abandon their property and leave the city, to decrease stocks of merchandise on hand and to otherwise seek to depreciate the assessed valuation of the property within the limits of the respondent city; and that a diversion of any part of the 40 mills will forfeit the compromise, resulting in a loss to the city of some $170,000, thereby rendering the city unable to pay anything. The plaintiff demurred to the amended answer. At the hearing on the demurrer, counsel for the respondents admitted the facts alleged in the petition, and stated that they relied upon the amended answer; whereupon counsel for Halstead admitted, "for the purpose of the demurrer," the facts

alleged in the amended answer. The court found in favor of Halstead, and adjudged that the alternative writ be made peremptory. The recitals in the judgment indicate that the court considered the case as having been submitted upon stipulated facts.

The bonds were issued under the authority conferred by the act of 1909 (S. L. 1909, c. 144). Section 5 provides: "When any bonds shall have been issued under this act, an annual tax shall be levied and collected by the proper city or town authority, sufficient to pay the interest on said bonds as it shall become due. * * * " The ordinance authorizing the bonds contains a similar provision.

Only two questions are presented: (1) Had the court any discretion with reference to granting or refusing to grant the writ? (2) If it had, did the court, in ordering one levy to pay the entire amount of Halstead's unpaid interest coupons, abuse its discretion?

1. Is the granting or refusing to grant the writ of mandamus discretionary with the court? That a court has some discretion in the matter is clear. *East St. Louis v. Amy,* 120 U. S. 600, 7 Sup. Ct. 739; *Duncan Townsite Co. v. Lane,* 245 U. S. 308, 38 Sup. Ct. 99; *Ex Parte Skinner and Eddy Corp.,* 265 U. S. 86, 95, 44 Sup. Ct. 446; *City of Cleveland v. U. S.,* 93 C. C. A. 274, 166 Fed. 677; *Perry v. Town of Samson,* 11 Fed. (2d) 655; *Fawkes v. City of Burbank,* 188 Cal. 399, 401, 205 Pac. 675; *Wiedwald v. Dodson,* 95 Cal. 450, 30 Pac. 580; *In re Warehousemen's Ass'n,* 241 N. Y. 580, 150 N. E. 563; *Kenneally v. City of Chicago,* 220 Ill. 485, 507, 508, 77 N. E. 155. In *Perkins v. People,* 59 Colo. 107, 147 Pac. 356, we held that there was no abuse of discretion by the court in granting a writ requiring the levy of a special tax commanded by the charter of Denver; thereby recognizing the discretionary character of the writ.

2. Was the discretion of the court abused in the present case?

In *City of Galena v. Amy,* 5 Wall. (72 U. S.) 705, cited by counsel for Halstead, Amy obtained a judgment against the city for unpaid interest which had accrued on certain bonds issued by the city. To his application for mandamus, the city made a return, a demurrer to which was sustained. The opinion by Mr. Justice Swayne states: "The counsel for the plaintiffs in error [the city] has called our attention, with emphasis and eloquence, to the diminished resources of the city, and the disproportionate magnitude of its debt. Much as personally we may regret such a state of things, we can give no weight to considerations of this character, when placed in the scale as a counterpoise to the contract, the law, the legal rights of the creditor, and our duty to enforce them. Such securities occupy the same ground in this court as all others which are brought before us. When clothed with legal validity, it is our purpose to sustain them, and to give to their holders the benefit of all the remedies to which the law entitles them. When invalid, we have not hesitated and shall not hesitate to say so. But we cannot recognize a distinction, unknown to the law, between this and any other class of obligations we may be called upon to enforce."

Counsel also cite the following cases where courts refused to be favorably influenced by a showing of financial embarrassment on the part of the municipality, and granted the writ notwithstanding the hardship that it was claimed would result: *U. S., ex rel. Merchants' Nat. Bank v. Jefferson County,* 26 Fed. Cases 597, Case No. 15,472; *City of Little Rock v. U. S.,* 43 C. C. A. 261, 103 Fed. 418; *Munday v. Rahway,* 43 N. J. Law 338, affirmed on appeal in 44 N. J. Law 395. In the Munday case, on appeal, the court, per Chief Justice Beasley, said: "The allowance of the writ of mandamus is certainly, in some cases, an act resting in judicial discretion, but such right of judgment does not embrace the province of supervising legislative acts creating private rights, and of refusing, occasionally, to put them in force from motives of

supposed expediency or public policy. It would be difficult to find any sanction in reason or in judicial decisions for such an exercise of judicial authority.''

In *State, ex rel. Wessel v. Weir,* 33 Neb. 35, 49 N. W. 785, an original application to the Supreme Court for a writ to compel the levy of a tax to pay a debt, the court denied the application, but remarked: ''If the indebtedness was so large that its payment would absorb so much of the revenues of the county, as to leave the county board practically without means to meet the current expenses of county government, we might be called upon to require only a portion of the plaintiff's claims to be paid in one year, and the balance out of future tax levies.''

In *City of Cleveland v. U. S.,* 93 C. C. A. 274, 166 Fed. 677, it was held that in granting mandamus to compel the levy of a tax to pay a judgment, the court may, in the exercise of broad equity powers, direct the distribution of the tax over a number of years, where it would otherwise impose a hardship on taxpayers. And see Dillon, Municipal Corp. (5th Ed.), § 1527, p. 2706, note.

In *East St. Louis v. Amy,* 120 U. S. 600, 7 Sup. Ct. 739, the trial court granted a writ of mandamus compelling the levy of a tax to pay, at one time, the entire amount of a judgment for $36,495.28. The Supreme Court said: ''It only remains to consider the objection that a tax cannot now be levied sufficient in amount to pay the entire judgment at once. The judgment is for interest in arrear and a small amount of principal. The law required a tax to be levied annually sufficient to pay all interest as it accrued, and the principal when due. This was neglected, and consequently there is now a large accumulation of a debt which ought to have been paid in installments. Thus far the inhabitants have been allowed to escape taxation, at the times it ought to have been laid, and to which they were under constitutional obligations to submit. The accumulation of the debt was caused by their own neglect as members of the political community which had incurred

the obligation. Such being the case, we see no reason why it was not in the power of the court to order a single levy to meet the entire judgment which was all for past due obligations. Whether such a tax would be so oppressive as to make it proper not to have it all collected at one time was a question resting in the sound discretion of the court in ordering the collection.'' The Supreme Court refused to interfere with the judgment of the lower court.

In the present case, the total amount due on Halstead's interest coupons is $3,212.47. No attempt is made to collect by tax levy any part of the principal. The whole situation was before the court. The allegations to the effect that the levy would result in forcing tax-paying property owners to abandon their property and leave the city, and to decrease their stocks of merchandise, and otherwise seek to depreciate the assessed valuation of property within the limits of the city, merely express the respondents' fear, or opinion, that such results would follow the levy. The allegations are based upon the facts pleaded. The court, in determining how to exercise its discretion, could, and no doubt did, consider whether such results are possible or probable. The court was not bound to accept as conclusive the respondents' opinion with reference thereto.

In view of the situation, the court, in the exercise of a sound discretion, might well have ordered levies distributed over two or more years. However, it did not do so; and we are not prepared to say that it clearly appears that, in ordering a levy to pay the $3,212.47 at one time, the court plainly abused its discretion. A judgment should not be reversed on the ground that a trial court has abused its discretion, unless the record clearly discloses a plain abuse of that discretion. *City of Little Rock v. U. S.,* 43 C. C. A. 261, 103 Fed. 418. This court has held that it will not interfere with discretionary action, except in a clear case of abuse of discretion. *Hille*

*v. Evans,* 68 Colo. 98, 187 Pac. 315; *Bannerot v. McClure,* 39 Colo. 472, 90 Pac. 70, 12 L. R. A. (N. S.) 126; *R. E. Lee S. M. Co. v. Englebach,* 18 Colo. 106, 31 Pac. 771.

The judgment is affirmed.