No. 12,326.

Parham v. Johnson.
(292 Pac. 599)

Decided October 20, 1930.

Mr. C. A. Irwin, for plaintiff in error.

Mr. Carl Cline, Mr. Bryan L. Whitehead, for defendant in error.

*In Department.*

Mr. Justice Alter delivered the opinion of the court.

Jessie Bacon Parham, plaintiff in error, will hereinafter be referred to as defendant, and Idamae Johnson, defendant in error, will be referred to as plaintiff.

Plaintiff began an action in the district court to recover judgment in the amount of $1,187.51, which sum she alleged to be due from defendant upon past due and unpaid installments on two promissory notes of defendant, in which plaintiff was the payee, and, at the time of the suit, was the owner and holder thereof. On July 16, 1927, the date upon which the complaint was filed, an attorney, acting under warrant contained in the promissory notes, entered his appearance for defendant; filed an answer on her behalf, in which judgment was confessed, and on the same day judgment was rendered in favor of plaintiff and against defendant. On November 22, 1928, defendant filed a motion to vacate and set aside the judgment, which motion was supported by affidavits filed on January 21, 1929, at which time an answer was tendered for filing. On December 7, 1928, plaintiff filed a motion to strike the motion to vacate, and filed affida-

vits supporting this motion, and also in opposition to the motion to vacate. On January 22, 1929, plaintiff withdrew her motion to strike, and, by consent, the matter of setting aside and vacating the judgment was submitted upon the affidavits theretofore filed, and the court denied the motion. The defendant brings the cause here for review, assigning as error the refusal of the court to vacate its judgment.

The motion to vacate charges fraud, deceit, coercion, failure of consideration, and also fraud in failing to give defendant proper credit for cash payments made upon the notes. The affidavits and tendered answer of defendant follow the general tenor of the motion. The affidavits filed by the plaintiff denied the charges contained in the motion, affidavits and answer of defendant, and also contained averments, which, if true, conclusively establish that the motion to vacate was not filed in apt time, and therefore the defendant was guilty of laches.

The counter-affidavits filed by plaintiff should not have been considered as denials of the defensive matter contained in the motion, affidavits and tendered answer of defendant, and we assume that they were not so considered. *Mitchell v. Miller*, 81 Colo. 1, 3, 252 Pac. 886; *Philbrick v. Conejos Bank*, 71 Colo. 19, 21, 203 Pac. 678; *Richards v. National Bank*, 59 Colo. 403, 406, 148 Pac. 912.

We have held that judgment confessed under warrant of attorney will be set aside and vacated, in order to permit a defense on the merits of the case, where the motion, affidavits or tendered answer contain statements which are prima facie good as a defense to the allegations of the complaint, and provided the application to set aside and vacate is made in apt time. *Sullivan v. International Co.*, 86 Colo. 177, 279 Pac. 43; *Mitchell v. Miller*, 81 Colo. 1, 4, 252 Pac. 886; *Commercial Credit Co. v. Calkins*, 78 Colo. 257, 259, 241 Pac. 529.

We shall assume that the motion, affidavits and tendered answer state a meritorious defense to the ac-

tion, and shall concern ourselves solely with the question of whether or not the application to set aside and vacate was filed in apt time.

An examination of the affidavits herein discloses the fact that they are unnecessarily long, and contain much which is wholly irrelevant, incompetent and immaterial to any issue involved in this controversy, but, upon the question of laches, the following may be gleaned from them: A transcript of plaintiff's judgment was made immediately and sent to an attorney in Nebraska, who resided and practiced in the same locality in which defendant owned or had recently owned property; that the Nebraska attorney wrote defendant, advising of the judgment, and suggesting some settlement by way of compromise; that prior to obtaining the judgment, defendant was advised by counsel appearing here for plaintiff that unless some immediate steps were taken by defendant to comply with her financial obligations, judgment would be obtained, and payment enforced, if possible; that defendant's husband, who asserts that he is an attorney in a sister state, came to the Nebraska attorney's office in 1927 to examine the transcript of judgment, and promised to make some arrangements to effectuate a settlement, but failed to do so; that some relative of the defendant, other than her husband, also requested time for compromise and settlement; that these negotiations were all fruitless, and nothing was done with respect to the judgment, until an action was brought in the state of Nebraska for the purpose of collecting on the Colorado judgment, and in order to do so, the Nebraska attorney sought to set aside a conveyance to her husband, which defendant had made while negotiations were pending. The affidavits of plaintiff, supported as some of them are by documentary evidence, were sufficient to justify the trial court in finding that defendant did not consider the judgment itself of sufficient importance to demand attention until such time as there was danger of her conveyances being attacked and set aside, and even then her

filings were not made promptly under the circumstances. The motion to vacate was verified on September 20, 1928, and filed on November 22, 1928. This does not indicate the proper diligence, but is indicative of the tactics used by defendant throughout the entire controversy.

In *Philbrick v. Conejos Bank*, 71 Colo. 19, 22, 203 Pac. 678, 679, we said: "Whether this motion to vacate was in apt time depends, therefore, upon the facts and circumstances peculiar to this case. Time is an element, but not a controlling one. Material changes in the position of the parties relative to the matter in controversy are of much greater moment. During the delay plaintiff has been put to considerable inconvenience and expended no inconsiderable sum in enforcing its rights under the judgment, all with full knowledge on the part of defendant, and all to no purpose if the judgment be now vacated. We must, therefore, hold that the delay, under the circumstances, bars the relief sought. Defendant is not in apt time."

Plaintiff engaged an attorney in Nebraska to assist in collecting her judgment, and we assume that for this service some fee was paid or charged; an attachment against defendant's personal property was had, and some expense must have been incurred in this connection. The motion, affidavits and answer impress us with the thought that defendant was wholly indifferent about judgments so long as she believed them uncollectible, but her interest became aroused immediately upon her realization that some conveyance which she had made to her husband might be set aside and the property subjected to the satisfaction of this judgment; then it was that fraud, deceit, coercion and misrepresentation first began to play an important part in the entire transaction. The unfortunate situation in which defendant now finds herself is one of her own creation, and she is entitled to no relief under the circumstances of this case. She slept too long upon her rights, if any she had.

Judgment affirmed.

Mr. Chief Justice Whitford, Mr. Justice Adams and Mr. Justice Burke concur.