[No. 8118.]

## RICHARDS V. FIRST NATIONAL BANK OF FORT COLLINS.

1.  JUDGMENT—*Confessed Under Letter of Attorney,* will be vacated and a defense allowed, where application is made in apt time, and the affidavit in support thereof makes out a *prima facie* case of a defense upon the merits. (405.)

The affidavit showing that defendant had turned over to plaintiff, property real and personal of a value largely in excess of the amount of the judgment, and all other indebtedness by defendant owing to plaintiff, the court below was directed to vacate the judgment, allow an answer to be filed within a reasonable time, and determine the case upon its merits. (406.)

2.  —— *Time of Application.*  A motion to vacate the judgment, made within six days after notice of the judgment comes to defendant, is in due time. (405.)

*Error to Larimer County Court.*    Hon. FRED W. STONE, Judge.

Mr. L. D. THOMASON, for plaintiff in error.

Mr. R. W. FLEMING, and Mr. PAUL W. LEE, for defendant in error.

SCOTT, J., delivered the opinion of the court.

On the 6th day of April, 1912, the plaintiff in error executed and delivered to the defendant in error, his promissory note in the sum of $2,000, payable on demand and bearing interest at 8% per annum. The note contained the following provisions for confession of judgment:

"Makers and endorsers hereon hereby authorize and empower any attorney at law, at any time, to appear for them before any court of record in Colorado or elsewhere and waive the issuance and service of process, and confess judgment against them and in favor of the payee above named or its assignees, for the said sum, interest, costs and attorney's fees therein provided for and thereupon to release all error and waive all right and benefit of a second trial or appeal in their behalf, also waiving all rights to exceptions."

The complaint alleged that certain payments had been made thereon, and that there was due the plaintiff in the case, the sum of $1,363.26. At the time of the filing of the complaint one Joseph Garst, an attorney at law appeared under the authority of the provision in the note, and confessed judgment on behalf of the defendant in the amount prayed for in the complaint. Judgment was thereupon entered against the defendant Richards. On the 4th day of June, 1913, the defendant below, filed his motion and affidavit to vacate the judgment theretofore rendered against him. The motion and affidavit contained, among other things, the following as grounds therefor:

1st.   Because the note attached to the complaint in said cause and on which said judgment was based, was fully paid prior to the filing of said complaint, and prior to the rendition of said judgment.

2d.   Because defendant, prior to the filing of said complaint, and prior to the rendering of said judgment, turned over to the plaintiff a large amount of property, both real and personal, of more than sufficient value to pay said note, as well as any and all other indebtedness then due and owing from defendant to plaintiff, which said property is still held and retained by plaintiff.

The affidavit of Richards contained an itemized statement of property so turned over to the bank and alleged to be of the value of $6,100.

Affidavits and counter affidavits were introduced upon the hearing.   The court denied the motion of the plaintiff in error to vacate the judgment, and this question is before us for review.

It appears from the motion and affidavit, that the defendant below, first learned of the action and of the default judgment, on the 29th day of May, 1913, and that the motion to vacate was filed on the 4th day of June, or six days later, therefore there is no question of delay or laches.

The questions at issue in this case were involved in the case of *Gumaer v. Bell,* 51 Colo. 473, 119 Pac. 681, in which case there was a very complete collation and discussion of the authorities on the subject.   It was there said: "The provisions of the code for the vacation of judgment by default, are to be liberally construed, and that the design of the statute is to call into exercise the equitable powers of the court."

It was likewise there held that upon proper cause being shown, the court must open a judgment by default, on the application of the defendant and allow him to make a defense.   It is also the well settled rule of law, that a judgment confessed under a warrant of attorney will be set aside

for a defense to the merits as shown, and if the affidavit
shows a *prima facie* case of good defense on its merits, and
if such application is made in apt time, the court should
open the judgment and allow a defense to be made—not-
withstanding counter affidavits to the effect that the whole
defense is bad. 2 Enc. P. & P. 1021; *Gumaer v. Bell, supra.*
Therefore if the application of the plaintiff in error in this
case sufficiently states a meritorius defense it was the duty
of the court to grant the motion. The motion and affidavit
of the plaintiff in error, as one of the grounds of defense,
states that the note upon which the suit was based, was
fully paid prior to the filing of the complaint and to the
rendition of the judgment. It further states that this pay-
ment was made by turning over to the plaintiff a large
amount of property, both real and personal, of more than
sufficient value to pay the note, as well as any and all other
indebtedness then due and owing from the defendant to
the plaintiff, and which property is so held and retained by
the plaintiff. We can conceive of no stronger statement of
meritorious defense than this.

The judgment is reversed with instructions to sustain
the motion to vacate the judgment, and to permit the de-
fendant to file his answer to the complaint within a reason-
able time to be fixed, and to determine the case upon its
merits.

GABBERT, C. J., and HILL, J., concur.