No. 10,130.

McGinnis *v.* Hukill.

Decided June 5, 1922. Rehearing denied July 3, 1922.

Action on promissory note. Judgment for defendant.

*Affirmed.*

1. Judgment—*Confession by Attorney—Vacation—Affidavit.* A judgment by confession under warrant of attorney must be vacated on motion of defendant made in apt time and supported by affidavit showing a meritorious defense.

   Such affidavit need not be complete as the pleading of the defense. If the facts disclosed tend to show a meritorious defense exists, it is sufficient.

2. Bills and Notes—*Fraud.* Evidence reviewed and held sufficient to establish fraud in obtaining a promissory note and renewal thereof, and notice to the holder.

3. Judgment—*Counterclaim.* One who obtains judgment as defendant in an action on a promissory note in which he establishes the defense of fraud, is also entitled to a judgment on his counterclaim for money paid over in the same fraudulent transaction.

*Error to the District Court of Yuma County, Hon. L. C. Stephenson, Judge.*

Mr. E. B. Simmons, Mr. William H. Gabbert, for plaintiff in error.

Mr. John G. Abbott, Messrs. Quaintance, King & Quaintance, for defendant in error.

*En banc.*

Mr. Justice Allen delivered the opinion of the court.

This is an action upon a promissory note. A judgment was entered for plaintiff, the holder, without service of process upon, or appearance of, the defendant, the maker of the note. The judgment was taken upon a waiver of service and a confession of judgment contained in, and as a part of, the note. The defendant in apt time filed a motion to set aside the judgment, and supported it with affidavits which showed a prima facie case of a defense on the merits. The motion was sustained. It was properly sustained. *Ferguson v. Farmers State Bank,* 67 Colo. 184, 184 Pac. 370; *Richards v. First National Bank,* 59 Colo. 403, 148 Pac. 912; *Cozart v. Haines,* 68 Colo. 261, 188 Pac. 726. The defense, in the affidavits, was, in substance, that the note was obtained by plaintiff by fraud. It is contended that it was error to grant the motion to vacate the judgment for the reason that the facts stated in the affidavits would not be complete as a pleading of the defense. It is not necessary that they should be. If the facts disclosed tend to show that a meritorious defense exists, that is sufficient, for the reason that the vacation of the judgment does not dispose of the case on its merits. If the answer afterwards filed is not sufficient, plaintiff may attack it as in other cases, and if the answer is sufficient, then plaintiff was not prejudiced by an incompleteness in the affidavits filed with the motion to vacate judgment.

The defendant filed an answer and a counterclaim, and without demurring thereto, the plaintiff filed his replication. The cause was tried to the court, without a jury, and resulted in a judgment for defendant upon the complaint, and a judgment for plaintiff on defendant's counterclaim. The plaintiff brings the cause here for review, and defendant assigns cross-error.

The principal contention of the plaintiff in error is that it was error to vacate the judgment first obtained by plaintiff on the confession in the note. This question has been

disposed of hereinbefore. Other contentions are, in effect, that the evidence is insufficient to support the judgment.

The defendant, L. H. Hukill, executed a note to one John B. Selvidge in the sum of $2,500. to pay for oil leases to be assigned by Selvidge to Hukill. Selvidge had none, and obtained no leases, to assign, and Hukill received nothing of value from Selvidge. Selvidge pledged Hukill's note with plaintiff, but did not transfer it to him, nor did plaintiff become the owner thereof at the time of the transactions herein complained of. Plaintiff, acting as ostensible owner of the note, took it to Hukill, and exchanged it for a new note, being the one involved in this action, and the further sum of $500. Plaintiff knew, while defendant did not, of facts whereby defendant could defend an action on the original note.

On several matters the evidence is conflicting, but there was evidence upon which the trial court could find all the elements of fraud on the part of plaintiff. This court is satisfied that the result reached below was correct.

If defendant was entitled, under the facts as the trial court viewed them, to a judgment on plaintiff's complaint, the same facts would warrant a return of the $500 advanced by defendant to plaintiff at the time the renewal note in question was made. If defendant was entitled to the principal relief sought, and the trial court found that he was, he was also entitled to the return of the $500. Paying this amount over to plaintiff along with the delivery of the new note was one and the same transaction.

The judgment is affirmed, but modified to include a judgment for defendant on his counterclaim. The cause is remanded with directions to modify the judgment as above indicated.

MR. CHIEF JUSTICE SCOTT not participating.