## No. 10,993.

### COMMERCIAL CREDIT CO. *v.* CALKINS.

Decided November 2, 1925.    Rehearing denied November 23, 1925.

Action on promissory note.    Judgment for defendant.

#### *Affirmed.*

1. JUDGMENT—*Confession by Attorney—Vacation.* A judgment by confession under warrant of attorney contained in a note must be vacated on motion of defendant made in apt time and supported by affidavit showing a meritorious defense.

2. PLEADING—*Defense.* Defendant, an endorser on a note, although

admitting the allegations of the complaint as to the note, may nevertheless set up a meritorious defense thereto.

3.   BILLS AND NOTES—*Endorser—Defense.* In an action on a note secured by chattel mortgage, the plaintiff, for a money consideration, having agreed to insure the chattel property against loss by theft, his failure to do so constitutes a meritorious defense, where a theft of the property resulted in a loss of the money represented by the note.

4.      *Counterclaim.* In an action on a cognovit note, defendant may interpose a counterclaim for money paid thereon and for exemplary damages.

5.   APPEAL AND ERROR—*Duty of Appellate Court.* It is not the duty of the Supreme Court to search the pleadings and proof for the purpose of assembling and correlating law and facts not passed upon by the trial court, and not requisite to a decision of the case.

6.   INSTRUCTIONS—*Requests.* When the instructions given by the court are sufficient, and correctly cover the law of the case, the judgment will not be disturbed for refusal to give other requested instructions.

7.      *Objections.* A party may not complain of an instruction which is more favorable to him than the pleadings justify.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. PERSHING, NYE, FRY & TALLMADGE, Mr. LEWIS A. DICK, for plaintiff in error.

Mr. W. B. KING, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

COMMERCIAL CREDIT COMPANY, a Delaware corporation, plaintiff in error and plaintiff below, sued Calkins as endorser on a cognovit promissory note. Calkins, after the preliminary matters hereinafter mentioned had been dis-

posed of, filed an answer and counterclaim to recover certain moneys paid by him in the transaction and for exemplary damages; plaintiff lost his suit on the note and also on defendant's counterclaim against him. Plaintiff brings error.

The note endorsed by defendant upon which plaintiff sought to recover contained therein and as a part of the note a waiver of service of process and authority to confess judgment without notice. Plaintiff took judgment in the manner provided in the note and under that authority, without service of process or appearance by the defendant; the defendant in apt time filed a motion to set aside the judgment, supporting it with an affidavit showing a meritorious defense and counterclaim; defendant, with permission of the court, filed an answer and counterclaim; plaintiff demurred thereto; the demurrer was sustained in part and overruled in part; replication filed; trial to jury; verdict for defendant; judgment on the verdict, which the plaintiff seeks to have set aside and to recover judgment against defendant.

The assignments of error discussed in plaintiff's brief consist chiefly of the following: (1) Overruling of plaintiff's demurrer to defendant's answer and counterclaim; (2) refusal of plaintiff's request for certain instructions and objections to other instructions given by the court; (3) that the verdict of the jury was based upon prejudice and passion and not upon the evidence, and that the award of exemplary damages was excessive. We shall consider them in the above order.

1. As to plaintiff's demurrer to defendant's answer and counterclaim: We have repeatedly held that a judgment by confession under warrant of attorney contained in a note must be vacated on motion of defendant made in apt time and supported by affidavit showing a meritorious defense. *McGinnis v. Hukill,* 71 Colo. 476, 208 Pac. 248; *Ferguson v. Farmers State Bank,* 67 Colo. 184, 184 Pac. 370; *Richards v. First National Bank,* 59 Colo. 403, 148 Pac. 912; *Cozart v. Haines,* 68 Colo. 261, 188 Pac. 726.

The plaintiff concedes this much, but says that because the defendant, who was an endorser of a note, admitted the allegations of the complaint as to the note, that therefore there could be no meritorious defense that could be set up. This is too broad a statement for us to agree to. In this case, the plaintiff was engaged in discounting automobile paper secured by chattel mortgages; the defendant was an automobile dealer in Denver; the action was upon a promissory note owned by plaintiff, signed by George Spears and endorsed by defendant; the defendant admitted that he endorsed the note, but alleged as one of his defenses that he sold and transferred the note to plaintiff, with the chattel mortgage securing the payment thereof, and that he had paid plaintiff money for the purpose of obtaining insurance of indemnity against loss arising from any theft or embezzlement, or wrongful removal of the automobile by the mortgagor contrary to the provisions of the chattel mortgage; that plaintiff, in consideration thereof, agreed to procure such insurance, but in violation of its agreement, failed to do so; that the automobile was thereafter stolen, embezzled and wrongfully removed by the mortgagor Spears, contrary to the provisions of the chattel mortgage, and that because of plaintiff's failure to procure insurance, the money represented by the note was lost, and that plaintiff ought not to recover the same, or any part thereof, from the defendant.

The above was a meritorious defense. and the court properly overruled the demurrer thereto. The evidence shows that the plaintiff received money from the defendant for the purpose of procuring the insurance and agreed to procure it, but failed to do so. The other allegations of the above defense were also sustained by the proof.

It is further to be observed that the defendant had paid plaintiff a large amount of money on the note sued upon, under pressure brought to bear upon him by plaintiff; that plaintiff gave defendant a receipt, showing that the payment was made without prejudice to defendant's rights and that the latter contended that he was not liable

on the paper endorsed by him, and that "It is agreed that said Calkins may at any time hereafter assert and prove in any action said fact of embezzlement". Plaintiff itself pleaded this receipt in its replication. It is a waste of time in this court for plaintiff to say to us that it should be permitted to keep the money so obtained, and not let the court or jury pass on a relevant question relating to the same transaction, that plaintiff agreed in writing with defendant that the latter would have the right to assert in any action.

Plaintiff also argues that the defendant should not have been permitted to interpose a counterclaim. We held otherwise in *McGinnis v. Hukill, supra,* a suit on a cognovit note, which finally resulted in a judgment for defendant on the counterclaim and we shall follow that precedent here. In the instant case, defendant sought, among other things in his counterclaim, to recover from plaintiff moneys paid in the matter, which defendant alleged the plaintiff got from him by coercion and threats of criminal prosecution; defendant also asked for exemplary damages. It arose out of the transaction set forth in the complaint and was connected with the subject of the action, and as such was good as a counterclaim. Code of Civil Procedure, 1921, section 63. The plaintiff afterwards admitted the receipt of the several payments, but denied that the money was paid under threats of criminal prosecution or coercion. The verdict of the jury indicated differently.

The briefs on both sides contain much interesting reading matter about the rights of plaintiff corporation to do business in Colorado without complying with our corporation laws, defendant contending that plaintiff has no standing in court because of non-compliance with the laws of this state, and plaintiff saying in response that its rights in this respect cannot be challenged in this proceeding. However, the trial court, at plaintiff's request, instructed the jury to disregard the evidence relative thereto, so it was not hurt; the defendant won on other points

and he ought to be satisfied; and as to ourselves, we do not conceive it to be our duty to search the pleadings and proof for the purpose of assembling and correlating law and facts not passed upon by the trial court and not requisite to a decision of this case, and we shall not do so.

2. As to instructions to the jury: The second instruction given by the court reads: "You should find the issue on the plaintiff's complaint in favor of the plaintiff unless you find from a preponderance of the evidence that the promissory note sued upon was given as part of the purchase price of the automobile covered by the chattel mortgage, and that the transaction, so far as the defendant is concerned, was a bona fide, genuine transaction, in which latter event you should find the issues on the plaintiff's complaint in favor of the defendant".

All instructions requested by plaintiff and refused by the court, that might have been properly given, if they may be so considered, were embodied in the above and other instructions given. When instructions given sufficiently cover the case and are correct, the judgment will not be disturbed. *Railway Co. v. McCarthy,* 96 U. S. 258, 24 L. Ed. 693; *Smith v. Havens,* 6 Colo. 297, 301.

The court in instructing the jury also said: " * * * The plaintiff contends that the note and chattel mortgage were fictitious and fraudulent instruments designed to defraud the plaintiff, and that the defendant either originated the fraudulent scheme or participated therein".

The above statement was more favorable to the plaintiff than the pleadings justified, for the plaintiff did not allege either fraud or fraudulent conspiracy participated in by defendant, though such was its contention at the trial. It cannot complain of an instruction more favorable to itself than it was entitled to. *King v. Rea,* 13 Colo. 69, 78, 21 Pac. 1084.

There was no error prejudicial to plaintiff in the instructions given or refused.

3. Finally, the plaintiff contends that the award of exemplary damages was the result of passion and prej-

udice upon the part of the jury, and that it was excessive. We are unable to say that it was. It appears from the ·evidence that the defendant was a Denver business man with a good reputation of long standing in the community, but because he was suspected by plaintiff of fraud, or of complicity in a fraudulent conspiracy against it, that plaintiff threatened him with arrest and criminal prosecution and threatened to ruin his business if plaintiff's demands were not complied with; that plaintiff openly trailed him with detectives, at both his office and home, disturbing the quiet of the neighborhood of defendant's residence in the night time, and otherwise subjecting him to humiliation and shame, resulting in the procuring of money from defendant under protest, which the verdict of the jury now indicates that the plaintiff was not entitled to receive.

The head officers of the plaintiff company in San Francisco urged on their Colorado representatives by wire and letter and the latter heartily entered into the spirit of the chase. There are certain reasonable and proper conventions to be observed in making collections, and it is manifest that the jury believed that these proprieties were disregarded by plaintiff and that plaintiff greatly exceeded legal bounds in its hasty actions. The law provides for the award of exemplary damages in certain cases; the jury was properly instructed, heard the evidence and fixed the amount of actual and exemplary damages. Each case must be determined by its own facts and we are unable to find anything in the voluminous record to indicate that the verdict was the result of passion or prejudice, or that the award was excessive. We therefore do not feel at liberty to interfere with the result.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.