No. 11,732.

MITCHELL, ET AL. *v.* MILLER.

Decided January 31, 1927.

On application to set aside judgment rendered on a cognovit note. Application denied.

*Reversed.*

*On Application for Supersedeas.*

1. JUDGMENT—*Cognovit Note—Vacation—Affidavits.* On application to vacate a judgment rendered on a cognovit note, supported by affidavits, counter-affidavits of plaintiff should not be considered.

2. APPEAL AND ERROR—*Court Action—Presumption.* On review, it is assumed that the trial court in disposing of an application to vacate a judgment rendered on a cognovit note considered only affidavits filed by the applicant.

3. *Motions—Leave of Court.* The objection that a second motion to vacate a judgment was filed without leave of court, held without merit, where there was no motion to strike it from the files, and it was considered by the court without objection.

(1)

4. JUDGMENT—*Vacation—Affidavits.* On application to vacate a judgment rendered on a cognovit note, it is not necessary that the facts be stated in the supporting affidavits with the same completeness as in a pleading. If they show, prima facie, that a meritorious defense exists, they are sufficient.

5.      *Vacation—Application—Apt Time.* Where the first motion to vacate a judgment rendered on a cognovit note was filed seven days, and a second twenty-four days after the action was commenced, it is held under the facts disclosed that the application was made with the required promptness.

*Error to the District Court of Jefferson County, Hon. S. W. Johnson, Judge.*

Mr. JOE H. ROSS, Mr. DAVID L. MILLS, Mr. FRANK L. HAYS, for plaintiffs in error.

Mr. LUKE J. KAVANAUGH, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE defendant in error sued the Mitchells. Judgment was entered against both defendants on a cognovit note. The application to set aside the judgment was denied, and defendants sued out a writ of error and applied for supersedeas. The parties will be referred to as in the trial court.

August 28, 1926, the complaint was filed. Pursuant to the terms of the note, an attorney (not the defendants' attorney) filed a confession of judgment, and judgment was entered. September 4th the defendants filed a joint motion to set aside the judgment. The motion was supported by defendant Flora Mitchell's affidavit. The affidavit states, among other things, that the note was without consideration; that the consideration failed; that the plaintiff agreed to give to affiant a bill of sale of certain cattle and machinery that was formerly covered by de-

fendant C. A. Mitchell's chattel mortgage; and that the plaintiff, though often requested to do so, failed to deliver the bill of sale.

September 21st defendant Flora Mitchell filed her separate motion to set aside the judgment. This was supported by her affidavit and by her verified answer which she tendered for filing. The affidavit states that the note has been fully paid, satisfied and discharged. It further states that the plaintiff falsely represented to the affiant that the defendant C. A. Mitchell (her husband) was guilty of a crime in selling and disposing of chattels covered by his chattel mortgage, the plaintiff knowing that such was not the fact; that affiant's son was sick at the time, and that affiant was under great mental strain; that she believed the plaintiff's representation that he would send her husband to the penitentiary unless the note was given by her, and that "while under said fear and mental duress" she signed the note sued upon. The verified answer is substantially the same, except that it omits to allege the falsity of the plaintiff's representation that C. A. Mitchell was guilty of the crime.

Plaintiff filed affidavits denying the matter set out in these two affidavits and in this answer as a defense; but such counter-affidavits should not have been considered by the trial court. *Richards v. First National Bank,* 59 Colo. 403, 148 Pac. 912. We assume that they were not considered.

It is objected that the second motion was filed without leave of court; but there was no motion to strike it from the files, and the court, without objection, considered the motion on the merits and denied it.

The facts are not stated in the affidavits with the same completeness as may be necessary in a pleading; but that is not required. The facts disclosed show, prima facie, that a meritorious defense exists. That is sufficient. *McGinnis v. Hukill,* 71 Colo. 476, 208 Pac. 248.

It is contended that the application was not made in apt time. When we consider that although the note was

signed and made payable in Arapahoe county, where the defendants reside, the suit was brought in Jefferson county; that the defendants were not served with summons; that the first information that defendant Flora Mitchell had that an action had been commenced was when notified by the sheriff that he held an execution; that it was then necessary for defendants to arrange for the employment of an attorney to investigate and to prepare the necessary papers and file them in a county other than the county of the defendants' residence, and that the first motion was filed seven days, and the second motion twenty-four days, after the action was commenced, it seems to us that the defendants' application was made with the required promptness.

The judgment is reversed, with instructions to sustain the motions to vacate the judgment, and to permit the defendants to file their answer or answers within a reasonable time.