No. 18,630.

JAMES H. PRATHER, ET AL. *v.* DISTRICT COURT OF WELD COUNTY, ET AL.
(328 P. [2d] 111)

Decided July 21, 1958.

Mr. VINCENT CRISTIANO, Mr. ARTHUR M. SCHWARTZ, Mr. ROBERT BUGDANOWITZ, for petitioners.

Mr. KARL R. AHLBORN, for respondents Hitchcock.

Mr. ROBERT G. SMITH, for respondent District Court.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in the nature of prohibition. The parties will be referred to as they appeared in the action out of which this proceeding arises, i.e., petitioners here will be referred to as defendants and the respondents Hugh B. and Maxine V. Hitchcock will be referred to as plaintiffs.

Plaintiffs brought an action in the district court of Weld county on December 16, 1957, to obtain judgment for the balance alleged to be due from defendants on a cognovit note in the original principal sum of $12,000.00. The note contained a provision for the payment of costs of collection and attorney fees. Payments were made on the note in the total sum of $1,024.00 between the date of note and the time the action was brought. Under the authority contained in the note an attorney at law confessed judgment on behalf of defendants and the district court entered judgment for the sum of $13,332.58, which

included the sum of $1,725.00 as attorney fees. This judgment was entered on the day the complaint was filed. No notice of the action was served upon defendants who first learned of the action on January 3, 1958. January 18, 1958, defendants filed a motion to set aside the judgment and tendered an answer for filing in the action. This motion and answer were shortly thereafter supplanted by an amended motion and an amended answer. This amended answer set forth six separate defenses.

In substance, the answer alleged that plaintiffs agreed to sell defendants 2800 shares of stock in Widco, Inc., a corporation, for the full purchase price of $15,000.00, payable $3,000.00 upon execution of the contract and $12,000.00 in monthly installments of $127.28. The agreement further provided that defendants would execute a promissory note for the $12,000.00 balance which would be held by a bank as escrow agent, and that the stock certificate would be delivered to defendants upon payment of the note. The cognovit judgment was entered on this note. Among the defenses tendered in the answer are the following: (1) That the purchase and sale of the stock was secured by fraudulent misrepresentation made by plaintiffs to defendants; (2) that the note in question was secured without valid consideration; and (3) that under the whole agreement of the parties defendants were assured that if they did not complete the monthly payments the only recourse of plaintiffs would be to repossess the stock.

Plaintiffs caused a transcript of the judgment to be recorded in Adams and Arapahoe counties, and a writ of execution was issued by the district court of Weld county to enforce collection of the judgment.

Prior to the hearing on the motion of defendants to vacate the judgment, plaintiffs filed their motion in which they prayed that as a condition to setting aside the judgment the court should require defendants to file a surety bond in the amount of $15,000.00 providing for payment of any judgment which might subsequently be

rendered. The trial court heard the motions and entered the following findings and order:

"(1) That the Motion to Set Aside the Judgment filed on behalf of the defendants is in proper form and properly verified.

"(2) That the plaintiffs filed a Transcript of the Judgment in both Arapahoe and Adams Counties; that the defendant Prather owns real estate in both of said counties and that said Transcripts now constitute a lien against said property.

"(3) That the defendants' interest in the real estate in Adams and Arapahoe Counties over and above prior mortgages and encumbrances is in excess of Fifteen Thousand Dollars ($15,000), and that said judgment could be satisfied by levy of execution upon said property.

"(4) That the relief asked for in the Complaint, including costs and interest, amounts to approximately Fifteen Thousand Dollars ($15,000).

"(5) That the plaintiffs are entitled to the posting of a good and sufficient surety bond as a condition for setting aside the judgment to the end that their interests be protected and that justice and equity be realized.

"(6) That when and if the surety bond hereinafter ordered is approved by the Court and filed with the Clerk of the Court the judgment heretofore entered is to be set aside.

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that if the defendants, or either of them, shall post a good and sufficient surety bond on or before April 21, 1958, to be approved by the Court and filed with the Clerk of the Court, which said bond shall be conditioned upon the payment of any judgment hereinafter entered in this cause against the defendants and in favor of the plaintiffs in the amount of Fifteen Thousand Dollars ($15,000), this Court will thereupon enter an Order setting aside the judgment heretofore entered; that in the event said surety bond is not posted within

the time fixed herein the judgment heretofore entered shall be and become a final judgment.

"Done in open court this 21st day of March, A.D. 1958."

Defendants now assert that it is impossible for them to post the bond. They allege that the district court abused its discretion and exceeded its jurisdiction in entering said order, and that, "unless the District Court is directed to set aside said cognovit judgment and to grant the petitioners leave to file their amended answer and to have the issues tried as provided by law, the petitioners will be deprived of their property without due process of law * * *."

Plaintiffs (respondents in this court) assert in their answer to our rule to show cause, that:

"The defenses set forth in paragraph numbered 5, subsections (a) to (f) inclusive, cannot be sustained by competent evidence or by law and that there is no valid defense to respondents' action against the petitioners; that the petitioners, and each of them, are indebted to the respondents for the principal, interest, and attorney fees as provided in the note, and for court costs, and said respondents are entitled to their judgment against the petitioners; that by virtue of the property owned by petitioner Prather in Adams and Arapahoe Counties and by virtue of the transcripts of judgment which were filed in those counties, the said respondents have a valid lien upon sufficient property to satisfy the judgment and are in a position to enforce collection of said judgment; that to set aside the judgment which was lawfully obtained without protecting the rights of the respondents could and would probably destroy respondents' rights completely."

Question to be Determined.

■ *Where a judgment is entered upon a cognovit note without notice of any kind to the maker of the note; and where the maker of the note moves promptly to set aside the judgment upon learning of the entry thereof*

*and tenders an answer setting forth defenses, which, if established, constitute a full and complete defense to the claim based upon the note; will this court uphold an order of the trial court requiring the defendant to post surety bond for the full amount of the claim of the plaintiff as a condition to granting the motion to vacate the judgment?*

The question is answered in the negative. Rule 60(b), R.C.P. Colo., provides generally for the granting of relief from judgments entered by mistake, inadvertence, surprise, excusable neglect, fraud, etc. The rule contains the following language:

"This rule does not limit the power of the court * * * to set aside a judgment for fraud upon the court or (3) when, for any cause, the summons in an action has not been personally served within or without the state on the defendant, to allow, on such terms as may be just, such defendant, * * * at any time within six months, after the rendition of any judgment in such action, to answer to the merits of the original action."

Numerous decisions of this court have announced the well-established rule that where a judgment is entered upon a cognovit note without notice to the defendant, and a motion in apt time is thereafter filed to set aside the same and a meritorious defense is tendered by answer, it is the duty of the court to vacate the judgment and try the case on the merits. *Richards v. First National Bank of Fort Collins,* 59 Colo. 403, 148 Pac. 912; *Commercial Credit Co. v. Calkins,* 78 Colo. 257, 241 Pac. 529; *Mitchell, et al. v. Miller,* 81 Colo. 1, 252 Pac. 886; *Denver Industrial Corporation v. Kesselring, et al.,* 90 Colo. 295, 8 P. (2d) 767; *Lucero v. Smith,* 110 Colo. 165, 132 P. (2d) 791.

We direct attention to the undisputed facts in the instant case. Corporate stock was sold to defendants for $15,000.00 on January 15, 1957; $3,000.00 was paid in cash, and a cognovit note for $12,000.00 given for the balance, payable in monthly installments; and $1,024.00

was paid in monthly installments. After default of an installment the entire note was declared due and payable, and a judgment, including $1,725 attorney fees, was entered without notice. The plaintiffs still have the stock since it was not to be delivered until the note was paid in full..

■ Plaintiffs are not entitled to be placed in the position of having a surety bond to guarantee payment of the full amount of their claim simply because they secured a judgment without giving notice to the persons against whom it was taken. Defendants allege fraud in the procurement of the note.

The trial court specifically found that the motion to set aside the judgment was in proper form. There can be no question that the allegations of the tendered answer, if proven, would be a complete defense to the claim. No rights of third parties are involved.

■ Rule 60 (b)., R.C.P. Colo., providing that the court may set aside a judgment "upon such terms as may be just," does not warrant an order of court requiring defendants to post a surety bond in the full amount of plaintiffs' claim as a condition to having their defense heard. To uphold such order would be to prejudge the merits of the controversy and place a drastic penalty upon the defendants for not appearing personally and defending an action of which they were given no notice and had no knowledge.

The rule is made absolute.