## No. 18,384.

BARNEY KEAN, ET AL. *v.* WAYNE BROWN, ET AL.

(346 P. [2d] 298)

Decided November 9, 1959.   Rehearing denied November 30, 1959.

Mr. ISAAC MELLMAN, Mr. GERALD N. MELLMAN, for paintiffs in error.

Messrs. CREAMER & CREAMER, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

PLAINTIFFS in error, who were defendants in the trial court, seek review by writ of error of a judgment entered against them on a cognovit note in the amount of $15,000.00, together with $375.00 interest and attorneys' fees in the amount of $50.00.

The judgment was entered on May 3, 1957, pursuant to the provisions of the confession contained in the instrument. There was formal appearance and waiver of process. Following this a motion to vacate the confession judgment was filed by the defendant Barney Kean. Hearing was had on this motion on May 21, 1957. The defendant there admitted the inadequacy of the motion in that it failed to tender an answer and simply alleged generally that defendants had a meritorious defense.

On July 3, 1957, a new motion to vacate the judgment, verified by both Barney Kean and Flora B. Kean, was filed. Attached to this was a tendered answer, together with a third party complaint asserting a claim against James A. Brown, the father of the minor plaintiffs. Plaintiffs moved to strike this motion. Hearing was had on July 29, 1957, and defendants' motion to strike was granted. The court entered a written ruling holding that the second motion was not authorized and that disposition of the first motion concluded the matter. *Fraka v. Marlernee,* 129 Colo. 87, 267 P. (2d) 651 was cited.

The defendants here urged that fraud was perpetrated on the trial court in connection with the obtaining of the confession judgment; that this arose from supporting affidavits of Marion Brown and James A. Brown, the parents of the plaintiffs. It is claimed that statements in the affidavits that there had been no payments of

interest or principal, that the note was then due and unpaid were fraudulent in view of a contemporaneous agreement which rendered their liability conditional and thus varied the terms of the note.

The defendants' *second* contention is that the court abused its discretion in refusing relief from the default judgment; that there was ample authority to set aside the judgment, and to allow them to file their answer.

Their third point is similar to point No. 2. Defendants here maintain that the court erred in striking the motion filed by the defendants on July 31, which motion incorporated a proposed answer.

Some additional facts which appear in the record should be noted. The plaintiffs who were the payees in the note in question are minors. The affidavits of George Louis Creamer, attorney for plaintiffs, which affidavit was attached to the complaint, declares that a personal demand on the defendants was made by him for the payment of the note; that he contacted them on the telephone, and that on April 24, 1957, 9 days before the filing of the action, he sent letters by certified mail to each of the defendants advising of his intention to file the action and to obtain a judgment on the note in the principal amount, together with interest and attorneys' fees. This affidavit further declares that following dispatch of the letters he discussed the matter with the attorney for defendant Flora B. Kean, who advised him to proceed "as he might in the circumstances be professionally advised."

The answer tendered by defendants alleges that the underlying obligation expressed in the note grew out of a transaction between the Keans and the parents of the plaintiffs whereby a corporation was to have been formed by Barney Kean. The $15,000.00 advanced by the Browns was to be used to advance the objects of the business enterprise. Attached to this answer as an exhibit is a letter addressed to James A. Brown signed by Barney B. Kean, President. This letter outlines the

disposition of the $15,000.00 and states that as soon as the corporation shall be formed the $15,000.00 note "shall be transferred to and become the property of the new corporation and that myself and Mrs. Kean as co-signors shall be relieved from any further liability towards payment of the note herein stated." This letter is signed and approved by Mrs. Marion A. Brown, the mother of the minor plaintiffs.

1. The contention of defendants that fraud was perpetrated on the court is without merit.

a. The affidavits attached to the complaint were factually accurate. The note in question was admittedly signed by the defendants and was in default and unpaid. The contention of defendants that fraud arose from the plaintiffs' failure to disclose the existence of the collateral agreement represented by the letter is not tenable. In 7 *Moore's Federal Practice* 511, §60.33, the author states:

" * * * On the other hand the confession of judgment upon cognovit notes, by an attorney, pursuant to applicable law but without informing the court that the defendant had asserted defenses to the notes, is not a fraud upon the court, since the 'very purpose of cognovit notes is to permit the holder to obtain judgment without a trial of possible defenses which the signers of the notes might assert.' And the judgment debtor has his remedy to obtain relief from the judgment on the basis of his defenses. * * * "

In the instant case the plaintiffs were not obligated to inform the court as to possible defenses available to the defendants and consequently their failure to so advise the court (when applying for judgment on the confession note) did not constitute a fraud.

b. No finding that fraud had been perpetrated on the trial court was made, and the decision of the court as to whether it has been defrauded is entitled to substantial weight. This is well expressed in *Parker v.*

*Checker Taxi Company* (8th Cir. 1956), 238 F. (2d) 241, 244:

" * * * The case presented by the petition was peculiarly within the discretion of the trial court. In Independence Lead Mines Company v. Kingsbury, supra, 175 F. 2d at page 988, the court used language that is applicable here when it said:

" 'It must be remembered that a petition to vacate a judgment is addressed to the sound legal discretion of the trial court, and its determination will not be disturbed except for abuse of discretion. [Citing authorities.] Particularly is this true in this instance, where the experienced judge passing on the petition had presided in the litigation in which the judgment was entered, and it is claimed that fraud was practiced upon the court. Certainly we are not able to say that the court's ruling adverse to the petition was wrong.'

"We cannot say from the record before us here that the district court did not exercise a sound legal discretion when it denied appellant's petition."

■ 2. In denying the second motion to vacate the judgment on July 29, 1957, the trial court relied on *Fraka v. Malernee,* supra, where a motion for a new trial was held to be improper procedure following the denial by the court of a motion to vacate. It was there pointed out that the proceedings incident to a motion to vacate a judgment do not constitute a trial and that consequently a defendant whose motion to vacate has been denied does not have standing to seek a new trial. The ruling in the *Fraka* case is entirely valid but it does not apply to the instant facts. It does not hold that a defendant who files an insufficient motion to vacate a judgment is thereafter barred from filing a motion which is formally correct. The trial court's ruling constituted an unwarranted expansion of the holding in the *Fraka* case, interpreting it as ruling that the unsuccessful movant is barred from again requesting, within a reasonable time, that the court vacate and set aside the judgment.

■ The trial judge failed to consider the question of whether a meritorious defense was tendered in the answer attached to the July 1 motion to vacate, and this was the decisive question. See 49 C.J.S. 586. The rule that the court must decide whether a meritorious defense has been tendered is one of long standing, having been first declared in 1915 in *Richards v. First National Bank of Fort Collins*, 59 Colo. 405, 148 Pac. 912. The latest pronouncement is *Prather v. District Court*, 137 Colo. 584, 328 P. (2d) 111, wherein it was said:

" * * * Numerous decisions of this court have announced the well-established rule that where a judgment is entered upon a cognovit note without notice to the defendant, and a motion in apt time is thereafter filed to set aside the same and a meritorious defense is tendered by answer, it is the duty of the court to vacate the judgment and try the case on the merits. *Richards v. First National Bank of Fort Collins*, 59 Colo. 403, 148 Pac. 912; *Commercial Credit Co. v. Calkins*, 78 Colo. 257, 241 Pac. 529; *Mitchell, et al. v. Miller*, 81 Colo. 1, 252 Pac. 886; *Denver Industrial Corporation v. Kesselring, et al.*, 90 Colo. 295, 8 P. (2d) 767; *Lucero v. Smith*, 110 Colo. 165, 132 P. (2d) 791. * * * "

We have read the cases which are cited in the *Prather* opinion and it would seem that no distinction has been made between the judgment taken with notice and the judgment without notice (although in the *Prather* case the confession judgment was obtained without notice). Nor is there any apparent logical reason for distinguishing upon this basis. It would appear from the cases that the courts are reluctant to enforce strictly the waiver of trial and appeal provisions of such notes. It is, of course, necessary according to the decisions, for the defendant to move in apt time. In that connection it is noteworthy that the trial court did not find that the defendants were guilty of laches in waiting six weeks to file their second motion to vacate the judgment.

Counsel have not briefed the point of whether the

580

tendered answer states a meritorious defense and we do not pass upon that question. This opinion should, therefore, not be construed as a recognition that the tendered answer states a meritorious defense. The question is one which should be determined by the trial court, and the cause should be remanded for that purpose. Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concurring.