No. 22334.

J. F. RENCHER AND AFTEN RENCHER *v*. THE DISTRICT COURT IN AND FOR THE COUNTY OF BOULDER, HONORABLE HOWARD O. ASHTON, JUDGE, AND CHARLES N. BERARDI, AND ROBERT K. MICHAEL.

(418 P.2d 289)

Decided September 26, 1966.

524

MCMARTIN & MACFARLANE, for petitioners.

MACK, JOHNSON & DOTY, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

IN this original proceeding the petitioners sought and obtained a rule directed to the above-named respondents requiring them to show cause why they should not be prohibited from proceeding further in an action pending in the district court of Boulder county.

From the allegations of the petition, and the answer filed thereto by the respondents, it appears that the incontroverted facts are as follows: The Renchers executed and delivered to Berardi and Michael their promissory note dated May 28, 1958. The note contained the following provision:

"* * * If not paid when due, the makers, * * * hereby authorize and empower any attorney at law at any time thereafter to appear for and in behalf of such maker, * * * in any court of record in Colorado or any other

state, to waive the issuance and service of process, to confess judgment against them * * * in favor of the holder hereof for the amount due, with interest, costs and attorneys' fees and thereupon to renounce and waive all error, stay of execution, right to a new trial, or appeal in behalf of such makers * * * and to consent to the issuance forthwith of execution on any such judgment. * * *."

An action was commenced in the respondent court by the payees named in the note, and on February 4, 1966, the respondent judge of the district court entered a judgment against the Renchers pursuant to consent thereto by an attorney purporting to act on their behalf under authority of the above-quoted "cognovit clause." No notice or process of any kind was served upon the petitioners. They first learned of the judgment on February 22, 1966, and promptly thereafter moved to have it set aside. At the hearing on this motion held on March 11, 1966, Berardi and Michael appeared and opposed granting the motion on the ground that a judgment lien obtained by them would be terminated if the motion was granted. The trial court neither granted nor denied the motion to vacate but entered the following minute orders:

"On the application of the defendant, the Court will re-open the Judgment entered herein and permit the defendant to file an answer within ten days.

"The defendant files an Answer.

"The cause is set for trial to Court on March 31, 1966, at 9:00 a.m."

No copy of these minute orders was served upon or received by petitioners.

Petitioners appeared on March 31, 1966 and insisted that they were prepared to proceed upon the question as to whether the district court would grant or deny their motion to vacate the judgment. However, the court ruled that the issues raised by the complaint and the answer would be tried on the merits, to which the

petitioners objected and demanded a jury trial. This request was denied.

At the conclusion of the evidence the district court entered an amended judgment in the sum of $13,050 plus interest in the amount of $7,384.79, and $2,043.47 as attorneys' fees. The award for attorneys' fees was ten per cent of the judgment for principal and interest. In this connection the note provided:

"* * * If an action is commenced to enforce payment of this note after default, an additional sum equal to a reasonable per cent of the total amount due shall be paid as attorneys' fees. * * *"

The record before us discloses no evidence bearing upon this question.

█ This court does not look with favor upon "cognovit" judgments entered without notice to the signers of promissory notes which contain small print authorizations for unnamed attorneys to appear on their behalf and confess judgment. In *Prather v. District Court,* 137 Colo. 584, 328 P.2d 111, we find the following pertinent language:

"Numerous decisions of this court have announced the well-established rule that where a judgment is entered upon a cognovit note without notice to the defendant, and a motion in apt time is thereafter filed to set aside the same and a meritorious defense is tendered by answer, it is the duty of the court to vacate the judgment and try the case on the merits. *Richards v. First National Bank of Fort Collins,* 59 Colo. 403, 148 Pac. 912; *Commercial Credit Co. v. Calkins,* 78 Colo. 257, 241 Pac. 529; *Mitchell, et al. v. Miller,* 81 Colo. 1, 252 Pac. 886; *Denver Industrial Corporation v. Kesselring, et al.,* 90 Colo. 295, 8 P(2d) 767; *Lucero v. Smith,* 110 Colo. 165, 132 P.(2d) 791.

\* \* \*

"Rule 60 (b) R.C.P. Colo., providing that the court may set aside a judgment 'upon such terms as may be just,' does not warrant an order of court requiring de-

fendants to post a surety bond in the full amount of plaintiffs' claim as a condition to having their defense heard. To uphold such order would be to prejudge the merits of the controversy and place a drastic penalty upon the defendants for not appearing personally and defending an action of which they were given no notice and had no knowledge."

In *Kean v. Brown,* 140 Colo. 574, 346 P.2d 298, the foregoing quotation from the *Prather* case was reaffirmed. The recent opinion of this Court in *Colorado Skyline Investments v. District Court,* announced on August 29, 1966, stands on a different footing. In that case a stipulation was entered into between the parties that the judgment which had entered without notice to the defendant would remain in effect, but that no execution would issue thereon until the conclusion of the trial upon the merits.

 We hold that where a confession judgment has been entered, as in the instant case, and the defendant against whom it is taken moves promptly to set it aside and tenders an answer asserting a meritorious defense, the court should vacate the judgment. The first duty of the trial court under these circumstances is to pass upon the motion to vacate. The motion should be granted if it is promptly made and a meritorious defense is presented by tendered answer. If no defense is tendered the motion should be denied. The trial court in this action neither granted nor denied the motion to vacate. The purported order "re-opening" the judgment was a nullity. Until such time as it was vacated there was no issue before the court to be tried on the merits.

██ The effort of the respondents Berardi and Michael to continue a judgment lien, notwithstanding that there are issues of fact to be tried on the question of liability, cannot be approved. If one desires to attach property or impress a lien thereon in advance of a determination of liability, he must pursue the authorized route to accomplish that end. Attachment proceedings as gov-

erned by Rule 102, R.C.P. Colo., contain safeguards which protect a defendant, and these essentials cannot be avoided by resort to the entry of "confession judgments," if thereafter that judgment is vulnerable to a motion to vacate.

The rule is made absolute.

MR. JUSTICE FRANTZ not participating.