No. 22458.

George L. Coon and Maxine B. Coon *v.* District Court
in and for the County of Boulder and State of
Colorado, and Honorable William E. Buck
as District Judge.
(420 P.2d 827)

Decided December 12, 1966

CHARLES GINSBERG, EDWARD B. ALMON, for petitioners.

HUTCHINSON, BLACK & HILL, for respondents.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

ON March 8, 1966, Thurston-Henderson Realty, Inc., hereinafter referred to as Realty, filed an action against George and Maxine Coon in the district court for Boulder County for $3,040, plus interest and attorneys' fees. This sum was allegedly due Realty on a cognovit promissory note executed on September 28, 1965, by George and Maxine Coon and delivered by them on that same date to Realty.

In the aforementioned action there was no service of process upon the Coons, nor was any notice given them that the action would be filed on the particular date it was filed, though Realty and its attorney had by mail previously requested the Coons to "take care" of their overdue note. On the same date that this action was instituted, namely March 8, 1966, judgment also entered on the aforementioned cognovit note in favor of Realty and against the Coons in the total amount of $3,422.58.

On June 10, 1966, the Coons filed a motion to vacate

the judgment thus entered against them, and at the same time tendered to the trial court what they denominated as a proposed Answer and Cross-complaint. Upon hearing this motion to vacate was denied, the trial court being of the view that under R.C.P. Colo. 9, the proposed answer was legally insufficient as it failed to assert, in the eyes of the trial court, a meritorious defense.

At this juncture the Coons instituted an original proceeding in this court, asking that a rule to show cause issue to the district court for Boulder County and to the Honorable William E. Buck, one of the judges thereof, directing them to show cause, if such they could, why the Coons' motion to vacate should not have been granted and why the judgment entered against them should not have been set aside and vacated. We directed that such a rule should issue; the respondents have now filed their answer thereto; and the entire matter now awaits our determination.

■■ It is well-established that where a judgment is entered upon a cognovit note without notice to the defendant, and in apt time a motion is thereafter filed to set aside the judgment, and a meritorious defense is tendered by answer, it is the *duty* of the court to vacate the judgment and try the case on its merits. *Lucero v. Smith,* 110 Colo. 165, 132 P.2d 791. And apparently an original proceeding is the proper vehicle to obtain review by us of the action of a trial court denying such a motion, or even imposing conditions to the granting of such a motion to vacate. *Prather v. District Court,* 137 Colo. 584, 328 P.2d 111.

In its order denying the Coons' motion to vacate the trial court indicated that it did so for two reasons: (1) the failure of the Coons to aver in their tendered answer the alleged fraud which induced their execution and delivery of the cognovit note with the degree of particularity required by R.C.P. Colo. 9(b), and (2) the failure of the Coons to allege the "time and place" of

Realty's alleged fraud as is said to be required by R.C.P. Colo. 9 (b).

■ Rule 9 (b) does provide that in all averments of fraud the "circumstances constituting fraud" shall be stated with particularity. In *Ginsberg v. Zagar*, 126 Colo. 536, 251 P.2d 1080, we said that the "particularity" thus required includes all of the material elements of an action in fraud and deceit as such had theretofore been laid down in the numerous decisions of this court antedating the adoption of our Rules of Civil Procedure. As illustrative of those cases defining the essentials of an action in fraud, see *Morrison v. Goodspeed*, 100 Colo. 470, 68 P.2d 458.

■ Comparing, then, the allegations in the tendered answer relating to the alleged fraud on the part of Realty with the essentials in a fraud action as such are spelled out in the *Morrison* case, we come to the conclusion that the trial court was correct in its holding that the tendered answer did not present a meritorious defense. By way of illustration only, from our analysis of the proposed answer we find no specific averment that the Coons were themselves ignorant and unaware of the falsity of the representations allegedly made by Realty, who incidentally were said to have been acting in a conspiracy with certain named individuals. Furthermore, and by way of example only, we find no allegation that the alleged representations were made with the intention on the part of Realty that they be acted upon by the Coons. For these reasons we conclude that the trial court was correct in holding that the tendered answer fell short of setting forth a meritorious defense to Realty's claim on the cognovit note of the Coons. Though the Coons did allege *some* of the component elements which go to make up an action in fraud and deceit, they did not allege *all* of the essentials.

The trial court assigned as a further reason for its action the failure of the Coons in their tendered answer to set forth the "time and place" of the false represen-

tations allegedly made by Realty to the Coons. In our view of the matter this particular ground is untenable.

■ It should be noted that we are not here concerned with a *complaint* sounding in fraud and deceit. Rather, we are concerned with a proposed answer setting up a *defense* to Realty's claim on the cognovit note. In other words, Realty in its complaint alleged, in general, Coons' liability to it on the cognovit note. By way of a proposed answer, Coons then attempted to allege that the note on which Realty based its claim was the result of fraud on the part of Realty. Had this alleged fraud been pleaded with the "particularity" required by Rule 9, the fact that the Coons failed to allege the precise dates upon which the misrepresentations were made, or the exact places where they were made, would not render the proposed defense legally insufficient.

Two federal cases bearing on the "time and place" requirement in the Federal Rules of Civil Procedure are *Greater Valley Terminal Corporation v. Peltz St. Terminals, Inc.*, 21 F.R.D. 167 and *Kuenzell v. United States of America*, 20 F.R.D. 96. Our holding as regards the role of the "time and place" requirement in the instant controversy is believed to be consonant with the rationale of those two federal cases.

■ The Rule is discharged without prejudice to the right of the Coons to file an amended motion to vacate and to tender an amended answer. See *Kean v. Brown*, 140 Colo. 574, 346 P.2d 298.