No. 21616.

ADOLPH HECKER *v.* NELLIE A. VAIL.
(431 P.2d 11)

Decided August 28, 1967.

Alice Loveland, for plaintiff in error.

Blaine A. Rutenbeck, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

On October 21, 1964 Vail filed an action in the district court against Hecker. The complaint set forth two claims, each of which was based on a cognovit promissory note. On the same day that the complaint was filed counsel appeared for Hecker and pursuant to the provisions in each of the notes waived service of process and confessed judgment in favor of Vail. Judgment then entered at about 2:17 o'clock p.m. on October 21, 1964 in favor of Vail and against Hecker in a total sum of $28,447.25.

On November 4, 1964, Hecker filed a motion to vacate the judgment theretofore entered against him, alleging in his motion, among other things, that he had a "meritorious defense" to the claim made by Vail. Hecker, however, did not tender with his motion to vacate any proposed answer wherein he spelled out his meritorious

defense, nor did he in his motion to vacate in any manner set forth any facts which would form the basis for his self-serving conclusion that he had a meritorious defense to Vail's claim on the aforementioned two notes. This motion to vacate was denied by the trial court and by writ of error Hecker seeks reversal of the judgment thus entered.

■ It is well-settled that when a judgment is entered upon a cognovit promissory note and thereafter in apt time the defendant files a motion to vacate the judgment and tenders a proposed answer containing a meritorious defense, it is the duty of the court in such circumstance to vacate the judgment and try the case on its merit. *Coon v. District Court*, 161 Colo. 211, 420 P.2d 827.

■ In the instant case Hecker did not tender a proposed answer containing a meritorious defense, nor did he otherwise apprise the trial court of any facts, be they ultimate or evidentiary, which would constitute a full and complete defense to the claim of Vail. All Hecker did was to aver in his motion to vacate that he had a "meritorious defense." What his defense was, we do not know, and knowing none of the details, it would be rather difficult for the trial court to know whether the defense was "meritorious" or otherwise. Under this circumstance, then, the trial court in our view did not err in denying Hecker's motion to vacate judgment.

Hecker seeks to get around the long-standing rule that he who seeks to set aside a judgment based on a cognovit promissory note must tender an answer setting forth matter which, if established, would constitute a full and complete defense by arguing that Vail, through an alleged election of remedies, was somehow precluded from proceeding under the cognovit provisions in the two notes. This argument is based upon the fact that sometime during the day of October 21, 1964 Hecker was served with process issuing in the instant action.

In this connection, the record indicates that for several

weeks prior to October 21, 1964 counsel for Vail had been attempting to obtain personal service upon Hecker, but without avail. This was so notwithstanding the cognovit features of the promissory notes. Being unable to obtain personal service upon Hecker, on October 21, 1964 Vail determined that it was in her best interest to proceed under the cognovit provisions of the notes, which she did. There is nothing in the record which would indicate that as of the moment judgment was being entered, either Vail or her attorney had knowledge that one of the several process servers being used by them had effected any service upon Hecker. Indeed, from the record it is uncertain that there actually was any service upon Hecker *prior* to the entry of judgment. All that this record indicates is that sometime on October 21, 1964 Hecker was served with process; but whether it was *before*, or *after*, the time when judgment entered remains unknown.

Based on this sequence of events, Hecker argues here, as he did in the trial court, that because of some fancied election of remedies Vail was somehow precluded from procuring judgment under the cognovit feature of the notes and that accordingly his motion to vacate should have been granted, regardless of whether he had a meritorious defense. With this general line of reasoning we do not agree.

■ Of course, the holder of a cognovit promissory note *may* attempt to obtain personal service on the maker of the note. But our attention has not been directed to any authority holding that such precludes the holder of such a note from proceeding to obtain the entry of judgment under the cognovit provision of the note. For all we know, judgment in the instant case was obtained *before* the service of process upon Hecker, and the burden of showing the contrary is upon Hecker. The return of service of process does not contain any reference as to the time of day, or night, that service was obtained. And in this regard, presumably Hecker

himself could have advised the trial court, by affidavit, or otherwise, as to the time when he was served. In any event, there is nothing in the record before us to indicate that service was effected on Hecker *before* the entry of judgment against him. Under such circumstance we need not here decide what would be the effect, if any, had service actually been effected upon Hecker *prior* to the time judgment entered.

Actually, as we view it, the fact that Hecker was served sometime during the twenty-four hour period beginning at 12:00 o'clock a.m. on October 21, 1964 and ending 12:00 o'clock p.m. on that same day is, under the circumstances, something of a red herring. The central issue is whether Hecker has a meritorious defense to Vail's claim. If he has, and if he had pled it in a tendered answer, the judgment should and no doubt would have been set aside and Hecker would then have been given his day in court. On the contrary, if Hecker in fact has no meritorious defense, Hecker should not be allowed to delay simply for the sake of delay.

It should be noted that counsel for Hecker in this court did not prepare the motion to vacate filed with the trial court.

The judgment is affirmed.

Mr. Chief Justice Moore, Mr. Justice Sutton and Mr. Justice Pringle concur.